Ex parte Edie Dione MARTIN, Appellant.

No. 03–97–00113–CR.

Court of Appeals of Texas,
Austin.

Dec. 4, 1997.

Cliff McCormack, San Marcos, for Appellant.

Charles R. Kimbrough, Criminal District Attorney, Lockhart, for State.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

By application for writ of habeas corpus, appellant, Edie Dione Martin, sought the dismissal of a charge of forgery on the ground that she was not timely indicted. *See* Tex. Code Crim. Proc. Ann. art. 32.01 (West 1989). The writ issued and, after a hearing, relief was denied. We will affirm.

## BACKGROUND

Article 32.01 provides:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for *good cause* shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

*Id.* (emphasis added). With an exception not applicable here, a discharge under this article is a bar to any further prosecution for the offense discharged or for any other offense arising out of the same transaction. *Id.* art. 28.061.

Appellant was arrested for forgery on June 24, 1996, and subsequently released on bail on July 12, 1996. The terms of the 22nd Judicial District Court in Caldwell County begin on the first Mondays of March, June, September and December. Tex. Gov't Code

Ann. § 24.123(c)(1) (West 1988).[1] Appellant was not indicted during the June 1996 term of court, nor during the following September 1996 term of court.

Appellant filed a writ of habeas corpus on January 21, 1997, and a hearing was held on February 20, 1997.[2] Prior to the hearing, the State filed a Response to Application for Writ of Habeas Corpus, claiming good cause for not obtaining an indictment by the September 1996 term of court, as required by article 32.01 of the Texas Code of Criminal Procedure.

The State's response incorporated the affidavit of Jerry Williams, Senior Patrol Officer with the Luling Police Department. The affidavit stated that the City of Luling Police Department had experienced a clerical labor shortage during the summer months of 1996, and that the forgery offenses alleged against appellant "were a part of the backlog which resulted from the shortage of clerical staff of the Luling Police Department...." The affidavit states that this administrative shortfall prevented the police reports on appellant's case from getting to the District Attorney's office until December 9, 1996. It is the State's position that without the police reports, the prosecutor could not proceed to bring the case to the grand jury.

At the conclusion of the hearing on February 20, 1997, the trial court found good cause for the failure to indict appellant as required by article 32.01 of the Texas Code of Criminal Procedure, and appellant's writ of habeas corpus was denied. Appellant was indicted on February 20, 1997.

## DISCUSSION

In her only point of error, appellant argues that the trial court erred in denying her habeas corpus relief because she was not indicted by the next term of court as required by article 32.01. Appellant contends that the State failed to demonstrate good cause for the indictment's delay under article 32.01 because (1) a lack of public resources is no justification for an unreasonable delay, and (2) the District Attorney did not need the police reports in order to present appellant's case to the grand jury.

■ Appellant argues that the prosecutor's delay in taking her case to the grand jury was not justified by the lack of public resources which caused the clerical shortage and backlog of work at the Luling Police Department. As authority for this proposition, appellant cites a Speedy Trial Act case in which Justice White stated that "unreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources provided the State's criminal justice system are limited and that each must await its turn." *Barker v. Wingo,* 407 U.S. 514, 538, 92 S.Ct. 2182, 2196, 33 L.Ed.2d 101 (1972) (White, J., concurring). However, Justice White left open the possibility that "special circumstances presenting a more pressing public need with respect to the case itself should suffice to justify delay." *Id.* at 537, 92 S.Ct. at 2195. In the instant case, we think it was within the trial court's discretion to determine that the failure of the Luling Police Department to provide the requisite police reports in a timely manner constituted such special circumstances which justified the delay.

Appellant further contends that the State did not need the police reports to present her case to the grand jury because the State has complete control over the submission of the evidence. We find this contention unconvincing and are persuaded by the State's argument that, as a matter of policy, the State never seeks an indictment until the case investigation, as shown in the police report, is available to be presented to the grand jury. To require the Caldwell County Criminal District Attorney's office to undertake the investigative tasks routinely performed by

1. Two other district courts have jurisdiction in Caldwell County. The 207th Judicial District Court's terms coincide with those of the 22nd Judicial District Court. Tex. Gov't Code Ann. § 24.386(d)(2) (West 1988). The 274th Judicial District Court has six-month terms beginning the second Tuesdays in February and August. Tex

Gov't Code Ann. § 24.451(b) (West 1988). The parties agree that the relevant terms are those of the 22nd Judicial District Court.

2. The hearing was initially set for February 4, 1997, but was then reset for February 20, 1997.

the Luling Police Department would place an undue institutional burden on that office.

It is within the discretion of the trial court to determine whether good cause has been shown for delay under article 32.01. *Ex parte Mallares*, 953 S.W.2d 759, 764–65 (Tex.App.—Austin 1997, no pet. h.). An appellate court may reverse a trial court's decision for an abuse of discretion only when it appears that the court applied an erroneous legal standard, or when no reasonable view of the record could support the trial court's conclusion under the correct law. *See Montgomery v. State*, 810 S.W.2d 372 (Tex.Crim. App.1990) (opinion on rehearing). Even if the appellate court would have reached a different result, it should not intercede as long as the trial court's ruling was within the "zone of reasonable disagreement." *Id.* at 391.

The trial court had the discretion in the present case to consider as good cause the relatively short three-month court term that confronted the prosecutor, the fact that another jurisdiction within Caldwell County has six-month terms, and the prosecutor's submission of the case to the grand jury in the same term of court in which the prosecutor received the police reports. *See Ex parte Mallares*, 953 S.W.2d at 764–65. Nothing in article 32.01 prohibits the State from deciding not to indict a cause until a police report of the criminal investigation is available to be presented to the grand jury. Indeed, this may well be the more prudent course of action. There is no evidence that the state deliberately sought to delay the indictment of this cause. The trial court applied the correct legal standard, and we cannot say that it abused its discretion in concluding good cause was shown for the delay of the indictment. *See Id.* at 10–11, 953 S.W.2d at 764–65. Appellant's sole point of error is overruled.

The order denying habeas corpus relief is affirmed.