**Ex parte David Wayne BYRAM.**

No. 04–97–00081–CR.

Court of Appeals of Texas, San Antonio.

June 30, 1998.

Richard J. Gonzalez, Laredo, for Appellant.

Jose M. Rubio, Jr., Webb County Dist. Atty., Marisela S. Jacaman, Asst. Dist. Atty., Laredo, for Appellee.

Before RICKHOFF, LÓPEZ and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

David Wayne Byram[2] appeals the trial court's order denying him relief in a pretrial habeas corpus proceeding. He contends the trial court erred in finding the State established "good cause" under article 32.01, TEX. CODE CRIM. PROC., for failing to indict him during the next grand jury term after his arrest. We disagree and affirm the trial court's order.

---

**2.** David Wayne Byram is Appellant's name, but he is also known as David Lee Harris and Allen Louis Byram.

**3.** Act of June 18, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 317, 441 (amended 1997)

## FACTUAL AND PROCEDURAL BACKGROUND

Byram was arrested on August 30, 1996 for possessing child pornography and, on September 4, 1996, for indecency with a child. When he had not been indicted on either charge by October 29, 1996, Byram filed an application for a writ of habeas corpus pursuant to the applicable versions of articles 32.01 and 28.061 of the Texas Code of Criminal Procedure governing arrests made prior to May 26, 1997, which provided:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the Court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the Court which is held after his commitment or admission to bail.[3]

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction . . . .[4]

At the hearing on Byram's application, the State conceded it had not indicted Byram during the next grand jury term after his arrest for possession but, it argued, the delay was justified because the possession and indecency charges involved the same victim, it had not yet received the offense report on the indecency charge, and it was awaiting this report so it could present both cases to the grand jury at the same time. The trial

---

(current version at TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.1998)).

**4.** Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885, 1885 (amended 1997) (current version at TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp.1998)). Article 28.061 does not apply to a dismissal under article 32.01 if the offense occurred after May 12, 1997. *See id.*

court found this explanation constituted "good cause" and denied relief. Byram appeals.

## STANDARD OF REVIEW

■ Because the material facts are undisputed, we review the trial court's finding of "good cause" in this case de novo. *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App. 1997).

## DISCUSSION

■ As presented by Byram's counsel, the sole issue presented by this appeal is whether a trial court errs in finding "good cause" when the record establishes the accused was arrested for two different offenses relating to a single victim. Byram argues "good cause" is not established in these circumstances unless the State also seeks a single trial on both charges or alleges they arose out of the same transaction. We disagree.

■ To date, the Texas Court of Criminal Appeals has not defined "good cause" within the context of article 32.01. Nor has this court. Other courts of appeals addressing the issue have held that a trial court may consider the factors used to determine whether a defendant's right to a speedy trial has been denied under *Barker v. Wingo,* 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972),[5] and whether the State's proffered explanation represents a "prudent" course of action, rather than an intentional effort to unfairly delay an indictment.[6] We agree a trial court may appropriately consider these factors. However, in line with Byram's suggestion, we define "good cause" as "a substantial or legal cause as distinguished from an assumed or imaginary pretense."[7] *Tucker v. People,* 136 Colo. 581, 319 P.2d 983, 986 (1957); *accord Watso v. Colorado Dep't of Soc. Servs.,* 841 P.2d 299, 311 (Colo.1992); *In re Robert G.,* 296 Md. 175, 461 A.2d 1, 5 (1983); *Colorado v. Gillett,* 629 P.2d 613, 618 n. 9 (Colo.1981).

Using this definition of "good cause," we hold the trial court correctly found the State established "good cause" for failing to indict Byram on the possession charge during the next grand jury term following his arrest. *See Ex parte Martin,* 956 S.W.2d at 845. There is no evidence the State's uncontradicted explanation of its reason for delaying the indictment is "assumed" or an "imaginary pretense" designed to conceal an intentional effort to unfairly delay the indictment. To the contrary, the State's decision appears reasonable and prudent in light of the fact that the two charges involve the same victim and regardless of whether the two charges are otherwise related or the State ultimately chooses to try the two charges separately or together.

## CONCLUSION

Under the standard for "good cause" urged by Byram and adopted today by this court, the trial court did not err in finding the State established "good cause" for not indicting Byram on the possession charge within the next grand jury term after his arrest. We therefore overrule Byram's point of error and affirm the trial court's order denying habeas corpus relief.

5. *E.g., State v. Condran,* 951 S.W.2d 178, 182–83 (Tex.App.—Dallas 1997, pet. granted); *Norton v. State,* 918 S.W.2d 25, 29 (Tex.App.—Houston [14th Dist.] 1996, pet. granted).

6. *See Ex parte Martin,* 956 S.W.2d 843, 845 (Tex. App.—Austin 1997, pet. granted); *Ex parte Mal-*

*lares,* 953 S.W.2d 759, 765 (Tex.App.—Austin 1997, no pet.).

7. We note that this definition of "good cause" is suggested by Byram in his pro se brief, not by his counsel.