# COURT OF CRIMINAL APPEALS

## OPINION CORRECTION MEMO

DATE:   NOVEMBER 3, 1998

FROM:   Faye Koenig
        Deputy Clerk   05-96-01313/1314-CR

RE:     CHARLES FRANKLIN CONDRAN
        CAUSE NOS. 1152-97 and 1153-97
        COLLIN COUNTY
        DELIVERED OCTOBER 7, 1998

FILED IN
COURT OF APPEALS

NOV 06 1998

LISA ROMBOK
CLERK, 5th DISTRICT

Enclosed is a corrected copy of the Opinion in the above styled case issued by the Court. Changes were made to pages five and six of the dissenting opinion by Judge Keller.

If you have any questions concerning the matter, please contact me at the Clerk's Office, P. O. Box 12308, Austin, Texas 78711, phone number (512) 936-1621. Thank you for your cooperation.

PLEASE REPLACE THE ORIGINAL OPINIONS LOCATED IN THE SHUCKS WITH

THE ENCLOSED OPINIONS. THANK YOU VERY MUCH.

05-96-01313/1314-eR

THE STATE OF TEXAS

NO. 1152-97 & 1153-97

Petitions for Discretionary Review
From the FIFTH
Court of Appeals

CHARLES FRANKLIN CONDRAN, Appellee

[COLLIN County]

## OPINION ON APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW

Appellee filed an application for writ of habeas corpus contending he was entitled to discharge because he was indicted outside the "next term of court" as set out in Art. 32.01, V.A.C.C.P. After a hearing, the trial judge ordered the indictment dismissed with prejudice. The State appealed and the court of appeals reversed the trial court's order dismissing the indictment against appellee and remanded the causes for trial. State v. Condran, 951 S.W.2d 178 (Tex.App. - Dallas 1997). We granted review to determine the correctness of that decision.

However, after carefully considering the questions for review and briefs before us, we find that our decision to grant appellee's petitions for discretionary review was improvident. Accordingly, the petitions for discretionary review are dismissed.

PER CURIAM

Holland, J., not participating

Delivered: October 7, 1998

En banc

Publish

THE STATE OF TEXAS

NOS. 1152-97, 1153-97  v.

CHARLES FRANKLIN CONDRAN,
Appellee

Petition for Discretionary
Review from the Fifth
Court of Appeals

[COLLIN County]


**DISSENTING OPINION ON APPELLEE'S
PETITION FOR DISCRETIONARY REVIEW**

I would address whether former Article 28.061,[1] as it applies to former Article 32.01, violates the Separation of Powers Clause of the Texas Constitution. Because I believe that the provision in question does violate the Separation of Powers Clause, I would affirm.

Former Article 32.01 (1994) states:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of court which is held after his commitment- or admission to bail.[2]

Former Article 28.061 (1994) states in relevant part: "A discharge under...Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction...." (ellipses inserted).[3]

---

[1]  All references to articles are to the Texas Code of Criminal Procedure unless otherwise indicated.

[2]  In 1997, the Legislature added to the end of that provision "...or before the 180th day after the date of commitment or admission to bail, whichever date is later." This change applies only to the prosecution of defendants arrested for an offense on or after the effective date of the new law. Section 4 of Acts 1997, 75th Leg., ch. 289.

[3]  I note that the Legislature has subsequently revised Article 28.061 by deleting any reference to Article 32.01. This

Hence, former Article 28.061 required a dismissal of the prosecution with prejudice if the State failed indict the accused within the time specified in Article 32.01. The question in the present case is whether that requirement violates separation of powers.

Unlike the United States Constitution, the Texas Constitution contains an explicit Separation of Powers Clause. *See* Texas Constitution, Article II §1. This clause is violated "when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997)(quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990)).[4]

In *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987), we held that the Texas Speedy Trial Act, Article 32A.02, unduly interfered with the Judicial Branch by circumscribing a district or county attorney's discretion to prosecute cases. As a result, we found the Speedy Trial Act to be void on the ground that it violated the Separation of Powers Clause of the Texas Constitution. *Id.* at 258. In finding undue interference with the prosecutor's discretion, we explained that the Speedy Trial Act was not a

---

change applies only to the prosecution of defendants arrested for an offense on or after the effective date of the new law. Section 4 of Acts 1997, 75th Leg., ch. 289.

[4] A violation can also occur through an improper assumption (or delegation) of power by one branch that properly belongs to another. *Williams*, 938 S.W.2d at 458.

legitimate attempt to provide procedural guidelines for enforcing a defendant's constitutional right to a speedy trial because it did not incorporate the traditional factors considered in that constitutional inquiry. *Id.* at 256-257.[5]

Since *Meshell*, we have addressed the constitutionality of two other statutes involving time limits in a prosecution. In *Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991), we upheld Article 17.151 as constitutional against a challenge that the statute unduly interfered with prosecutorial discretion. Article 17.151 required that a defendant be released on bond if the prosecutor was not ready for trial within specified time limits. *Jones*, 803 S.W.2d at 716. We drew a distinction between the mere release of a defendant on bond from the setting aside of the prosecution that occurred in *Meshell*. *Jones*, 803 S.W.2d at 716. And, we noted that the Speedy Trial Act dictated that dismissals occurred "with prejudice." *Id.* at 716 n. 2.

In *Williams*, we addressed whether a speedy trial provision contained in the Interstate Agreement on Detainers Act (IADA) was unconstitutional. The IADA imposes deadlines for commencing trial after receiving an out-of-state prisoner. Article 51.14, Article IV(c). If those deadlines are not met, the trial court is

---

[5] Those factors, set out by *Barker v. Wingo*, are: (1) the length of the delay before trial, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice to a defendant resulting from that delay in trial. *Meshell*, 739 S.W.2d at 256.

instructed to dismiss the prosecution with prejudice. Article 51.14, Article V(c). We held that the prosecutor, by obtaining a prisoner through the IADA, submitted to a contract, in which he relinquished some of his power in exchange for the benefit of obtaining custody of the out-of-state prisoner. 938 S.W.2d at 460. We further held that the Separation of Powers Clause did not prevent such a contractual relinquishment of authority. *Id.* at 460-462.

The lesson drawn from *Meshell*, *Jones*, and *Williams* is that a legislatively imposed deadline for prosecutorial action violates the Separation of Powers Clause if (1) the remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to perform his duties, (2) the deadline cannot be justified as necessary to effectuate a superior constitutional interest, and (3) the prosecutor did not contractually submit to the deadline. In *Jones*, condition (1) was not true because the remedy of releasing the prisoner on bail did not seriously disrupt the prosecutor's ability to perform his duties. In *Williams*, condition (3) was not true because the prosecuting authorities had submitted to the deadline by requesting a prisoner under the IADA. But in *Meshell*, all three of these conditions were true. The remedy for a violation of the Speedy Trial Act was dismissal with prejudice — a remedy which necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution. The only constitutional interest

arguably involved, the right to a speedy trial, was not effectuated by the Speedy Trial Act because the *Barker* factors were not included. And, the prosecuting authorities did not contractually submit to the deadlines established.

To the extent that it attaches the remedy of dismissal with prejudice to the failure to meet the deadline established in Article 32.01, former Article 28.061 is like the Speedy Trial Act in all relevant respects. Both carry the remedy of dismissal with prejudice and neither involves contractual submission to the deadline by the prosecuting authorities. And, as with the Speedy Trial Act, former Article 28.061 is not shown to be necessary to effectuate a superior constitutional interest. Essentially, Article 32.01 creates a right to a speedy indictment. To the extent that the Legislature was concerned that a person might be held for an inordinately long time in jail or on bail, Article 32.01 *alone* would satisfy that concern; the enforcement mechanism contained in former Article 28.061 would be unnecessary.

The only constitutional right that is arguably implicated — to which a remedy of dismissal with prejudice would attach — is the Due Process Clause's guarantee against prejudicial preindictment delay. *See United States v. Marion*, 404 U.S. 307, 324 (1971). To determine whether the Due Process Clause has been violated, a court must consider the actual prejudice to the defendant caused by the delay and the reasons for delay. *Id; see also United States v.*

*Lovasco*, 431 U.S. 783, 789-790 (1977).[6] Like the Speedy Trial Act, the speedy indictment provision does not require a showing of prejudice. Nor does the provision call for considering the reasons for delay. Hence, as in *Meshell*, the provision in question does not incorporate the constitutionally relevant factors.

The above discussion shows that *Meshell* controls on the question presented here. The enforcement provision contained in former Article 28.061 for violations of Article 32.01 is unconstitutional because it violates the Separation of Powers Clause of the Texas Constitution. That provision is therefore void and of no effect.

The only remaining question is whether appellant would be entitled to a dismissal *without* prejudice under Article 32.01. Our prior precedent indicates that an Article 32.01 objection becomes moot after an indictment has issued. *Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim. App. 1974). Some courts of appeals have disputed the continuing viability of that precedent because the Legislature subsequently added the "with prejudice" enforcement provision to Article 28.061 after the cases establishing that precedent were decided. *See Norton v. State*, 918 S.W.2d 25, 28 (Tex. App.-- Houston [14th Dist.] 1996, pet. dism'd. as

---

[6] A majority of the federal circuits require a defendant to show that the reasons for delay amount to bad faith. *See United States v. Crouch*, 84 F.3d 1497, 1511 n. 13 (5th Cir. 1996)(en banc), *cert. denied*, ___ U.S. ____, 117 S. Ct. 736 (1997). A minority of the circuits balance the reasons for delay against the prejudice suffered. *Id.*

improvidently granted); *Ex Parte Knight*, 904 S.W.2d 722, 725 (Tex. App.--Houston [1st Dist.] 1995). However, because I would hold the relevant portion of Article 28.061 to be unconstitutional, the concerns of those courts would no longer be of any moment.

I would affirm the Court of Appeals and hold that the portion of former Article 28.061 that applies to former Article 32.01 is an unconstitutional violation of the Separation of Powers Clause of the Texas Constitution. I dissent to the majority's dismissal of appellee's petition.

KELLER, J.

DELIVERED: October 7, 1998
PUBLISH
En Banc

McCormick, P.J., and Mansfield, J., join.

THE STATE OF TEXAS

NO. 1152-97 & 1153-97

CHARLES FRANKLIN CONDRAN, Appellee

Petitions for Discretionary Review
From the FIFTH
Court of Appeals

[COLLIN County]

## OPINION ON APPELLEE'S PETITIONS FOR DISCRETIONARY REVIEW

Appellee filed an application for writ of habeas corpus contending he was entitled to discharge because he was indicted outside the "next term of court" as set out in Art. 32.01, V.A.C.C.P. After a hearing, the trial judge ordered the indictment dismissed with prejudice. The State appealed and the court of appeals reversed the trial court's order dismissing the indictment against appellee and remanded the causes for trial. State v. Condran, 951 S.W.2d 178 (Tex.App. - Dallas 1997). We granted review to determine the correctness of that decision.

However, after carefully considering the questions for review and briefs before us, we find that our decision to grant appellee's petitions for discretionary review was improvident. Accordingly, the petitions for discretionary review are dismissed.

PER CURIAM

Holland, J., not participating

Delivered: October 7, 1998

En banc

Publish

THE STATE OF TEXAS

NOS. 1152-97, 1153-97  v.

CHARLES FRANKLIN CONDRAN,
Appellee

Petition for Discretionary
Review from the Fifth
Court of Appeals

[COLLIN County]

<u>DISSENTING OPINION ON APPELLEE'S
PETITION FOR DISCRETIONARY REVIEW</u>

I would address whether former Article 28.061,[1] as it applies to former Article 32.01, violates the Separation of Powers Clause of the Texas Constitution. Because I believe that the provision in question does violate the Separation of Powers Clause, I would affirm.

Former Article 32.01 (1994) states:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of court which is held after his commitment or admission to bail.[2]

Former Article 28.061 (1994) states in relevant part: "A discharge under...Article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction...." (ellipses inserted).[3]

_____

[1] All references to articles are to the Texas Code of Criminal Procedure unless otherwise indicated.

[2] In 1997, the Legislature added to the end of that provision "...or before the 180th day after the date of commitment or admission to bail, whichever date is later." This change applies only to the prosecution of defendants arrested for an offense on or after the effective date of the new law. Section 4 of Acts 1997, 75th Leg., ch. 289.

[3] I note that the Legislature has subsequently revised Article 28.061 by deleting any reference to Article 32.01. This

Hence, former Article 28.061 required a dismissal of the prosecution with prejudice if the State failed indict the accused within the time specified in Article 32.01. The question in the present case is whether that requirement violates separation of powers.

Unlike the United States Constitution, the Texas Constitution contains an explicit Separation of Powers Clause. *See* Texas Constitution, Article II §1. This clause is violated "when one branch unduly interferes with another branch so that the other branch cannot effectively exercise its constitutionally assigned powers." *State v. Williams*, 938 S.W.2d 456, 458 (Tex. Crim. App. 1997)(quoting *Armadillo Bail Bonds v. State*, 802 S.W.2d 237, 239 (Tex. Crim. App. 1990)).[4]

In *Meshell v. State*, 739 S.W.2d 246 (Tex. Crim. App. 1987), we held that the Texas Speedy Trial Act, Article 32A.02, unduly interfered with the Judicial Branch by circumscribing a district or county attorney's discretion to prosecute cases. As a result, we found the Speedy Trial Act to be void on the ground that it violated the Separation of Powers Clause of the Texas Constitution. *Id.* at 258. In finding undue interference with the prosecutor's discretion, we explained that the Speedy Trial Act was not a

change applies only to the prosecution of defendants arrested for an offense on or after the effective date of the new law. Section 4 of Acts 1997, 75th Leg., ch. 289.

[4] A violation can also occur through an improper assumption (or delegation) of power by one branch that properly belongs to another. *Williams*, 938 S.W.2d at 458.

legitimate attempt to provide procedural guidelines for enforcing a defendant's constitutional right to a speedy trial because it did not incorporate the traditional factors considered in that constitutional inquiry. *Id*. at 256-257.[5]

Since *Meshell*, we have addressed the constitutionality of two other statutes involving time limits in a prosecution. In *Jones v. State*, 803 S.W.2d 712 (Tex. Crim. App. 1991), we upheld Article 17.151 as constitutional against a challenge that the statute unduly interfered with prosecutorial discretion. Article 17.151 required that a defendant be released on bond if the prosecutor was not ready for trial within specified time limits. *Jones*, 803 S.W.2d at 716. We drew a distinction between the mere release of a defendant on bond from the setting aside of the prosecution that occurred in *Meshell*. *Jones*, 803 S.W.2d at 716. And, we noted that the Speedy Trial Act dictated that dismissals occurred "with prejudice." *Id*. at 716 n. 2.

In *Williams*, we addressed whether a speedy trial provision contained in the Interstate Agreement on Detainers Act (IADA) was unconstitutional. The IADA imposes deadlines for commencing trial after receiving an out-of-state prisoner. Article 51.14, Article IV(c). If those deadlines are not met, the trial court is

---

[5] Those factors, set out by *Barker v. Wingo*, are: (1) the length of the delay before trial, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) any prejudice to a defendant resulting from that delay in trial. *Meshell*, 739 S.W.2d at 256.

instructed to dismiss the prosecution with prejudice. Article 51.14, Article V(c). We held that the prosecutor, by obtaining a prisoner through the IADA, submitted to a contract, in which he relinquished some of his power in exchange for the benefit of obtaining custody of the out-of-state prisoner. 938 S.W.2d at 460. We further held that the Separation of Powers Clause did not prevent such a contractual relinquishment of authority. *Id.* at 460-462.

The lesson drawn from *Meshell*, *Jones*, and *Williams* is that a legislatively imposed deadline for prosecutorial action violates the Separation of Powers Clause if (1) the remedy for failing to meet the deadline seriously disrupts the prosecutor's ability to perform his duties, (2) the deadline cannot be justified as necessary to effectuate a superior constitutional interest, and (3) the prosecutor did not contractually submit to the deadline. In *Jones*, condition (1) was not true because the remedy of releasing the prisoner on bail did not seriously disrupt the prosecutor's ability to perform his duties. In *Williams*, condition (3) was not true because the prosecuting authorities had submitted to the deadline by requesting a prisoner under the IADA. But in *Meshell*, all three of these conditions were true. The remedy for a violation of the Speedy Trial Act was dismissal with prejudice — a remedy which necessarily causes a serious disruption in a prosecutor's ability to perform his duties by conclusively terminating the prosecution. The only constitutional interest

arguably involved, the right to a speedy trial, was not effectuated by the Speedy Trial Act because the *Barker* factors were not included. And, the prosecuting authorities did not contractually submit to the deadlines established.

To the extent that it attaches the remedy of dismissal with prejudice to the failure to meet the deadline established in Article 32.01, former Article 28.061 is like the Speedy Trial Act in all relevant respects. Both carry the remedy of dismissal with prejudice and neither involves contractual submission to the deadline by the prosecuting authorities. And, as with the Speedy Trial Act, former Article 28.061 is not shown to be necessary to effectuate a superior constitutional interest. Essentially, Article 32.01 creates a right to a speedy indictment. To the extent that the Legislature was concerned that a person might be held for an inordinately long time in jail or on bail, Article 32.01 *alone* would satisfy that concern; the enforcement mechanism contained in former Article 28.061 would be unnecessary.

The only constitutional right that is arguably implicated — to which a remedy of dismissal with prejudice would attach — is the Due Process Clause's guarantee against prejudicial preindictment delay. *See United States v. Marion*, 404 U.S. 307, 324 (1971). To determine whether the Due Process Clause has been violated, a court must consider the actual prejudice to the defendant caused by the delay and the reasons for delay. *Id; see also United States v.*

*Lovasco*, 431 U.S. 783, 789-790 (1977).[6] Like the Speedy Trial Act, the speedy indictment provision does not require a showing of prejudice. Nor does the provision call for considering the reasons for delay. Hence, as in *Meshell*, the provision in question does not incorporate the constitutionally relevant factors.

The above discussion shows that *Meshell* controls on the question presented here. The enforcement provision contained in former Article 28.061 for violations of Article 32.01 is unconstitutional because it violates the Separation of Powers Clause of the Texas Constitution. That provision is therefore void and of no effect.

The only remaining question is whether appellant would be entitled to a dismissal *without* prejudice under Article 32.01. Our prior precedent indicates that an Article 32.01 objection becomes moot after an indictment has issued. *Tatum v. State*, 505 S.W.2d 548, 550 (Tex. Crim. App. 1974). Some courts of appeals have disputed the continuing viability of that precedent because the Legislature subsequently added the "with prejudice" enforcement provision to Article 28.061 after the cases establishing that precedent were decided. *See Norton v. State*, 918 S.W.2d 25, 28 (Tex. App.-- Houston [14th Dist.] 1996, pet. dism'd. as

---

[6] A majority of the federal circuits require a defendant to show that the reasons for delay amount to bad faith. *See United States v. Crouch*, 84 F.3d 1497, 1511 n. 13 (5th Cir. 1996)(en banc), *cert. denied*, ___ U.S. ___, 117 S. Ct. 736 (1997). A minority of the circuits balance the reasons for delay against the prejudice suffered. *Id.*

improvidently granted); *Ex Parte Knight*, 904 S.W.2d 722, 725 (Tex. App.--Houston [1st Dist.] 1995). However, because I would hold the relevant portion of Article 28.061 to be unconstitutional, the concerns of those courts would no longer be of any moment.

I would affirm the Court of Appeals and hold that the portion of former Article 28.061 that applies to former Article 32.01 is an unconstitutional violation of the Separation of Powers Clause of the Texas Constitution. I dissent to the majority's dismissal of appellee's petition.

KELLER, J.

DELIVERED: October 7, 1998
PUBLISH
En Banc

McCormick, P.J., and Mansfield, J., join.



**Criminal Appeals**
Box 12308
pitol Station
in, Texas 78711





PRESORTED
FIRST CLASS

AUSTIN
NOV - 4'98
TX
PR MIT
6306791

LISA ROMBOK
CLERK   5TH COURT OF APPEALS
COURTHOUSE   600 COMMERCE 2ND FLOOR
DALLAS TX 75202

1152-97

75202-4516 04