TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






ON REMAND








NO. 03-97-00113-CR







Ex parte Edie Dione Martin







FROM THE DISTRICT COURT OF CALDWELL COUNTY, 22ND JUDICIAL DISTRICT


NO. 97-018, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING







Edie Dione Martin applied for a writ of habeas corpus seeking the dismissal of a
forgery prosecution on the ground that she was not timely indicted. The district court issued the
writ but denied the relief sought after a hearing. This Court affirmed the district court's order. 
See Ex parte Martin, 956 S.W.2d 843 (Tex. App.--Austin 1997). On Martin's petition for
discretionary review, the court of criminal appeals vacated our judgment and remanded the appeal
to us for further proceedings. See Ex parte Martin, 6 S.W.3d 524 (Tex. Crim. App. 1999).

At issue is the application of code of criminal procedure article 32.01, as originally
enacted. See Texas Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, 1965
Tex. Gen. Laws 317, 441 (Tex. Code Crim. Proc. Ann. art. 32.01, since amended). That statute
provided:


When a defendant has been detained in custody or held to bail for his
appearance to answer any criminal accusation before the district court, the
prosecution, unless otherwise ordered by the court, for good cause shown,
supported by affidavit, shall be dismissed and the bail discharged, if indictment or
information be not presented against such defendant at the next term of the court
which is held after his commitment or admission to bail. 



The court of criminal appeals held that the test for good cause to continue a prosecution should
be patterned after that used to determine whether the constitutional speedy trial right has been
violated. See Martin, 6 S.W.3d at 528; see also Barker v. Wingo, 407 U.S. 514, 530-32 (1972). 
"The habeas court should consider, among other things, the length of the delay, the State's reason
for delay, whether the delay was due to lack of diligence on the part of the State, and whether the
delay caused harm to the accused." Martin, 6 S.W.3d at 528. "Another relevant inquiry is
whether the grand jury has voted not to present an indictment." Id. Whether good cause is
shown is "a fact-intensive situation [that] calls for a balancing of the interests served by the rule
and the interests of the parties." Id. at 529. When the facts are undisputed, the habeas court's
finding of good cause is subject to review de novo. See id. at 526; see also Guzman v. State, 955
S.W.2d 85, 89 (Tex. Crim. App. 1997). (1)

Because neither the parties nor the district court had the benefit of the court of
criminal appeals' opinion at the original habeas corpus hearing, we abated the appeal and
remanded the cause for rehearing. The record from the new hearing is now before us, as are the
parties' supplemental briefs.

Length of delay. Martin was arrested in June 1996, during the June term of the
22nd Judicial District Court. No indictment was returned during that term or the subsequent
September term, thereby invoking the statute. (2) Martin filed her writ application in January 1997,
and the hearing was held one month later. A six-count forgery indictment was returned against
Martin in February 1997, before the writ hearing. 

Reason for delay. The State filed a good cause affidavit stating that the Luling
Police Department experienced a clerical labor shortage during the summer of 1996 as a result
of budget constraints, and that the forgery offenses alleged against Martin were part of the
resulting paperwork backlog. The police reports regarding these offenses were processed and
forwarded to the district attorney in December 1996.

At the new hearing, witnesses elaborated on the statements in the affidavit. 
Suzanne Hochstein, the police department's sole secretary, resigned in August 1996, although she
continued to work on a part-time basis until her replacement was hired in November. She testified
that among her other duties, she was responsible for "processing" cases. "I had to take them
from the officer's handwritten notes and type them on our official forms and also type up
statements, get statements back to the officer to be signed . . . . I processed any . . . statements,
officer's reports, arrest reports, offense reports." She testified that a backlog of work had built
up prior to her resignation. The former Luling police chief testified, "We were swamped." The
former chief and former city manager also testified to the city's inability to promptly hire a
replacement for Hochstein.

In its opinion, the court of criminal appeals disapproved use of an "exceptional
circumstances" test to determine good cause under article 32.01. See Martin, 6 S.W.3d at 527. 
Even under that test, "backlog, staff shortage, or general negligence [did] not constitute an
exceptional circumstance." State v. Condran, 951 S.W.2d 178, 183 (Tex. App.--Dallas 1997),
pet. dism'd, 977 S.W.2d 144 (Tex. Crim. App. 1998) (quoting Meshell v. State, 739 S.W.2d 246,
251 (Tex. Crim. App. 1987)). "[U]nreasonable delay in run-of-the-mill criminal cases cannot
be justified by simply asserting that the public resources provided by the State's criminal justice
system are limited and that each case must await its turn." Barker, 407 U.S. at 538 (White, J.,
concurring). 

State's diligence. There is no evidence that the State ignored or overlooked
Martin's case. To the contrary, the witnesses testified that the police department attempted to
process its cases and refer them to the district attorney as promptly as possible, and that there had
been no deliberate effort to delay this or any other case.

The State's good faith "is arguably a component of good cause, but good faith is
not the equivalent of good cause. . . . We think that article 32.01 requires that the State show
more than good faith." Martin, 6 S.W.3d at 527. (3)

Harm to accused. Martin presented no evidence of harm resulting from the delay
in returning an indictment. On this record, the only harm suffered by Martin was an additional
two to three months of uncertainty while waiting for grand jury action.

Prior grand jury action. Martin was indicted by the first grand jury to whom her
case was presented. She was never no-billed.

Balancing of interests. We must balance Martin's right to prompt consideration
by the grand jury against the State's interest in prosecuting those who violate the criminal laws. 
Under the laws applicable in this cause, dismissal pursuant to article 32.01 bars any further
prosecution for the discharged offenses. See Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1,
1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). 

Martin's case was presented to a grand jury just over two months after the deadline
set by article 32.01, and that grand jury returned an indictment. While Martin may have
experienced some amount of additional anxiety as a result of the delay in grand jury action, there
is no evidence that Martin was otherwise prejudiced. On the other hand, the State's failure to
present Martin's case to the grand jury in a timely fashion was primarily the result of
understaffing at the police department. The government must bear responsibility for failing to
provide adequate resources to law-enforcement agencies. Martin could not be expected to suffer
an indefinite delay of her case because the police department was without a secretary. While
Martin's case was not deliberately delayed by the police or the prosecutor, an absence of bad faith
is not alone sufficient to show good cause. See Martin, 6 S.W.3d at 527. Having reviewed the
record de novo, we conclude that good cause was not shown to continue Martin's prosecution.

The order denying habeas corpus relief is reversed and the indictment is ordered
dismissed.



 


 Mack Kidd, Justice

Before Justices Jones, Kidd and B. A. Smith

Reversed and Dismissed on Remand

Filed: July 13, 2000

Publish 
1. In this and other article 32.01 cases, this Court reviewed the trial court's decision for an
abuse of discretion. See Martin, 956 S.W.2d at 845; Ex parte Mallares, 953 S.W.2d 759, 764-65
(Tex. App.--Austin 1997, no pet.). We relied on Dubose v. State, 915 S.W.2d 493, 497-98 (Tex.
Crim. App. 1996), which was overruled in Guzman. See 955 S.W.2d at 90. 
2. The terms of the 22nd Judicial District Court in Caldwell County begin on the first Mondays
of March, June, September, and December. See Tex. Gov't Code Ann. § 24.123(c)(1) (West
1988).
3. The court of criminal appeals identified this Court as one of the courts of appeals applying
a good faith test for good cause. See Martin, 6 S.W.3d at 527. It is true that an absence of bad
faith on the part of the State was one factor we considered in applying article 32.01. See Martin,
956 S.W.2d at 845; Mallares, 953 S.W.2d at 763. At least as important to the result reached in
our opinions, however, was our use of an abuse of discretion standard of review. See n.1. 



family: CG Times Regular">State's diligence. There is no evidence that the State ignored or overlooked
Martin's case. To the contrary, the witnesses testified that the police department attempted to
process its cases and refer them to the district attorney as promptly as possible, and that there had
been no deliberate effort to delay this or any other case.

The State's good faith "is arguably a component of good cause, but good faith is
not the equivalent of good cause. . . . We think that article 32.01 requires that the State show
more than good faith." Martin, 6 S.W.3d at 527. (3)

Harm to accused. Martin presented no evidence of harm resulting from the delay
in returning an indictment. On this record, the only harm suffered by Martin was an additional
two to three months of uncertainty while waiting for grand jury action.

Prior grand jury action. Martin was indicted by the first grand jury to whom her
case was presented. She was never no-billed.

Balancing of interests. We must balance Martin's right to prompt consideration
by the grand jury against the State's interest in prosecuting those who violate the criminal laws. 
Under the laws applicable in this cause, dismissal pursuant to article 32.01 bars any further
prosecution for the discharged offenses. See Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1,
1987 Tex. Gen. Laws 1885 (Tex. Code Crim. Proc. Ann. art. 28.061, since amended). 

Martin's case was presented to a grand jury just over two months after the deadline
set by article 32.01, and that grand jury returned an indictment. While Martin may have
experienced some amount of additional anxiety as a result of the delay in grand jury action, there
is no evidence that Martin was otherwise prejudiced. On the other hand, the State's failure to
present Martin's case to the grand jury in a timely fashion was primarily the result of
understaffing at the police department. The government must bear responsibility for failing to
provide adequate resources to law-enforcement agencies. Martin could not be expected to suffer
an indefinite delay of her case because the police department was without a secretary. While
Martin's case was not deliberately delayed by t