**Ex parte Dennis Wayne MANN.**

**No. 2-01-417-CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 24, 2002.

Crampton & Crampton, Holly Crampton, Wichita Falls, for Appellant.

Barry L. Macha, Criminal District Attorney, John W. Brasher, W. Charles Smith, Assistant Criminal District Attorneys, Wichita Falls, for Appellee.

PANEL A: LIVINGSTON, HOLMAN, and GARDNER, JJ.

## OPINION

TERRIE LIVINGSTON, Justice.

This is an appeal following the trial court's denial of Dennis Wayne Mann's ("applicant") request for habeas corpus relief. He claims that his reindictment on possession of a controlled substance violates his right against double jeopardy and that the State is collaterally estopped from prosecuting him. Mann argues that the previously adjudicated pre-indictment delay violation operates as a dismissal and that legislative changes to the code of criminal procedure, articles 32.01 and 28.061, do not operate to override his Fifth Amendment due process protections. We affirm.

### I. Facts

Applicant was originally arrested on February 13, 1999 and charged with possession of a controlled substance. After two terms of the grand jury for the 30th District Court in Wichita County, the State had not indicted him. Applicant filed an application for writ of habeas corpus seeking to have the indictment dismissed. The State indicted applicant before the hearing

on the application. The trial court found that the issue was moot and denied applicant's requested relief.

On appeal, this court reversed the trial court's order denying habeas relief and remanded the case to the trial court to dismiss the indictment because good cause for the delay was not shown by the State to continue prosecution. *Ex parte Mann,* 34 S.W.3d 716, 719 (Tex.App.-Fort Worth 2000, no pet.). Less than three months later and without appealing this court's decision, the State indicted applicant again for similar drug possession charges; however, this time the State added an "intent to deliver" allegation to the possession charge. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (b) (Vernon Supp.2002). The State also added an enhancement count that alleged Mann committed the offense within 1,000 feet of a school. *See id.* § 481.134(d)(1).

Applicant then filed an application for writ of habeas corpus arguing that reindictment of possession of a controlled substance violated his right against double jeopardy and that the State was collaterally estopped from prosecuting the offense. The trial court heard his application, but denied relief. This appeal followed.

## II. Standard of Review

■ Generally, a trial court's ruling in a habeas proceeding should not be overturned unless there is clear abuse of discretion by the court. *Ex parte Ayers,* 921 S.W.2d 438, 440 (Tex.App.-Houston [1st Dist.] 1996, no pet.). The court abuses its discretion if it acts without reference to any guiding rules or principles. *Montgomery v. State,* 810 S.W.2d 372, 380 (Tex. Crim.App.1990). "[A]n abuse of discretion review of trial court decisions is not necessarily appropriate in the context of the application of law to facts when the decision does not turn on the credibility or demeanor of witnesses." *Ex parte Martin,* 6 S.W.3d 524, 526 (Tex.Crim.App. 1999). In this situation, an appellate court must conduct a de novo review when "the trial judge is not in an appreciably better position than the reviewing court to make that determination." *Guzman v. State,* 955 S.W.2d 85, 87 (Tex.Crim.App.1997).

■ In this case, the facts are uncontested; therefore, we will conduct a de novo review. *See Martin,* 6 S.W.3d at 526 (stating that the court would conduct a de novo review because the facts were uncontested).

## III. Discussion

### A. Double Jeopardy

■ In his first issue, applicant argues that his previously adjudicated pre-indictment delay operates as a dismissal and that legislative changes to the code of criminal procedure articles 32.01 and 28.061 do not operate to override his Fifth Amendment due process protections.

Article 32.01 of the Texas Code of Criminal Procedure currently reads as follows:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.2002). In 1987, the legislature amended article 28.061 to make it applica-

ble to article 32.01. The amended version of article 28.061 stated the following:

> If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article *or Article 32.01* of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction....

Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885, 1885. (emphasis added). However, the legislature amended article 28.061 again in 1997 and deleted the reference to article 32.01. Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 1, 1997 Tex. Gen. Laws 1304, 1304 (current version at TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp.2002)); *Ex parte Seidel,* 39 S.W.3d 221, 224 (Tex. Crim.App.2001).

Prior to the 1987 amendment to article 28.061, courts held that there was no right to dismissal with prejudice for article 32.01 violations. *Ex parte Knight,* 904 S.W.2d 722, 725 (Tex.App.-Houston [1st Dist.] 1995, pet. ref'd). Nothing barred the State from reinitiating charges after the trial court had dismissed under article 32.01. *Id.; see Ex parte Barnes,* 959 S.W.2d 313, 320 (Tex.App.-Fort Worth 1997, pet. dism'd) (stating that before its 1987 amendment, a dismissal under article 32.01 did not prevent further prosecution); *State v. Condran,* 951 S.W.2d 178, 191 (Tex.App.-Dallas 1997), *pets. dism'd, improvidently granted,* 977 S.W.2d 144 (Tex. Crim.App.1998). After the 1987 amendment, the State could no longer reprosecute because the cause was dismissed with prejudice. When the legislature revised the statute again in 1997 to remove the reference to article 32.01, the rule requiring dismissal with prejudice for article

32.01 was also removed. *Seidel,* 39 S.W.3d at 224.

Applicant argues that indicting him again for the same offense after the indictment was dismissed under article 32.01 violates his right against double jeopardy. The Texas Court of Criminal Appeals addressed a similar situation in *Seidel.* 39 S.W.3d at 222–23.

In August of 1997, Seidel was arrested for felony driving while intoxicated and was released on felony bond. *Id.* at 222. The State never filed an indictment or information; therefore, Seidel filed a writ of habeas corpus asserting delay under article 32.01 and requested discharge. *Id.* The district court granted his motion and dismissed the case with prejudice. *Id.* The State did not appeal this ruling, but later filed a complaint and information against Seidel charging him with misdemeanor driving while intoxicated. *Id.*

Seidel immediately filed a Special Plea of Collateral Estoppel and a pretrial writ of habeas corpus, asserting that prosecution was barred by the double jeopardy clauses of the United States and Texas Constitutions. *Id.* at 223. The trial court granted him relief, but the State appealed. The appellate court concluded that Seidel was entitled to discharge from bail, but the State was not barred from filing subsequent charges anytime within the statute of limitations. *Id.*

The Texas Court of Criminal Appeals granted the State's Petition for Discretionary Review. *Id.* The court first determined that the district court had *jurisdiction* to dismiss the case with prejudice, and then it addressed whether it had *authority* to dismiss with prejudice. *Id.* The court of criminal appeals noted that in *State v. Johnson* it had held that "a court may take a particular action only if that action is authorized by constitutional provision, statute, or common law, or the power

rises from an inherent or implied power." *Id.* (citing *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App.1991)). Although a trial court generally does not have the power to dismiss a case unless the prosecutor requests it, a trial court does have this power under article 32.01. *Seidel*, 39 S.W.3d at 223. As the court noted, the 1997 amendment to article 28.061, which bars further prosecution for a discharged offense, no longer applies to a discharge under article 32.01. *Id.* at 224. Therefore, even though a defendant is entitled to be discharged from custody, he is not free from subsequent prosecution. *Id.*

> The court further reasoned:
> There is no statutory or constitutional provision allowing a dismissal with prejudice, the prosecutor did not consent to a dismissal with prejudice, and the court had no inherent power to dismiss the prosecution with prejudice. In sum, the district court did not have the authority to dismiss the prosecution "with prejudice."

*Id.* (citations omitted). Because the trial court went beyond the scope of its proper authority, the part of the judgment dismissing with prejudice was void. *Id.*

The *Seidel* case directly addresses applicant's complaint concerning double jeopardy. Similar to the facts in *Seidel*, applicant was arrested and the charge dismissed under article 32.01. Without appealing the trial court's ruling, the State later filed another indictment for the possession charge and added an "intent to deliver" charge and enhancement count.

Applicant's argument for dismissal with prejudice is in direct conflict with *Seidel* because applicant is asking the trial court to grant relief that is beyond its authority. To dismiss with prejudice would also contradict the amendment to article 28.061, which clearly establishes that article 32.01 dismissals are no longer barred from further prosecution. *See Martin*, 6 S.W.3d at 529 (recognizing that under the new articles 32.01 and 28.061 relief to the accused is only temporary). Therefore, the trial court properly denied applicant's requested relief based on a double jeopardy challenge. Issue one is overruled.

### B. Collateral Estoppel

In applicant's second issue, he contends that the State is collaterally estopped from reprosecuting him. The Texas Court of Criminal Appeals has held that a claim of collateral estoppel which is based upon constitutional double jeopardy principles is cognizable on a pretrial writ of habeas corpus. *Ex parte Watkins*, 73 S.W.3d 264, 273 (Tex.Crim.App.2002), *cert. denied*, 123 S.Ct. 413 (2002).

The *Watkins* court explained the test:

> When is a collateral estoppel claim based on double jeopardy principles? When the State could, but declines to, join two offenses which arise out of a single transaction and a final verdict or specific factual finding favorable to the defendant in the first prosecution would bar relitigation of the same fact in a second proceeding.

*Id.*

Here, the State has not tried one offense and is not trying to litigate a second offense which arises out of a single transaction. In fact, the State has not yet even proceeded to trial on any offense. *See id.* at 268 (stating that once a jury determines a discrete fact in favor of a criminal defendant, the State cannot contest the finding in a subsequent proceeding). When the State changed the language of the first indictment and included the "intent to distribute" and enhancement charge in the second indictment, the substitute did not

result in any change that would collaterally estop the State from further prosecution. This is not a situation where the State could, but declined to, join two offenses which arise out of a single transaction and a final verdict or specific factual finding favorable to the defendant in the first prosecution would bar relitigation of the same fact in a second proceeding. The State has in fact included the only relevant offense in the indictment. Therefore, because the claim of collateral estoppel was not properly before it, the trial court properly denied applicant's requested relief. Issue two is overruled.

## IV. Conclusion

After overruling both of applicant's issues, we affirm the trial court's order denying applicant's requested habeas corpus relief.