**Derrick Dwayne ANDERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–98–0197–CR**

Court of Appeals of Texas, Amarillo.

Feb. 25, 1999.

Rehearing Overruled March 29, 1999.

---

Candace Norris, State Counsel for Offenders, Texas Dept. of Criminal Justice, Plainview, for appellant.

Rebecca King, Dist. Atty., Melinda Mayo, Asst. Dist. Atty., Amarillo, for appellee.

Before REAVIS and JOHNSON, JJ., and REYNOLDS, Senior Justice.*

CHARLES L. REYNOLDS, Senior Justice (Retired).

Appellant Derrick Dwayne Anderson, an inmate who committed an offense while incarcerated for other crimes, contends he is statutorily immune from prosecution because the indictment was not presented before the end of the next term of court which was held after the commission of, and his arrest for, the offense. *See* Tex.Crim. Proc.Code Ann. art. 32.01 (Vernon 1989; Vernon Supp.1999). Holding that he has not invoked the protection of the statute, we will affirm.

Imprisoned under sentences for multiple offenses in the Texas Department of Criminal Justice, Institutional Division, at the William P. Clements, Jr. Unit in Amarillo, appellant was accused of the 12 March 1995 offense of aggravated assault upon a correctional officer. The accusation, according to Allen H. Wilson, an Internal Affairs Division Investigator, would cause an investigation to determine whether a crime had been committed and, if so, to identify the suspect, victim and witnesses. If an offense was committed, the inmate would "remain in custody the whole time," a disciplinary process would be initiated within the Institutional Division, and a report would be submitted to the Potter County District Attorney for a determination whether to proceed with a criminal prosecution.

On 11 October 1995, seven months after the aggravated assault, there was prepared a Form CR–43, the criminal history reporting form devised by the Texas Department of Public Safety, apparently as part of the criminal history record system required by the Legislature. *See* Tex.Crim. Proc.Code Ann. art. 60.01, *et seq.* (Vernon Supp.1999).[1] The form, one purpose of which is to serve as an offense report to be submitted to the prosecutor's office, has sections for recording information about the accused inmate, the offense and date of its commission, and the date of arrest.

Instructions issued with respect to the arrest specified that: "Arrests will be made in compliance with provisions of the Code of Criminal Procedure, (CCP) Chapters 14 and 15." The pertinent provisions are that when a felony or an offense against the public peace is committed in his presence or within his view, a peace officer or any other person may arrest the offender without a warrant; and a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. Art. 14.01 (Vernon 1977). A warrant of arrest is issued by a magistrate as a command to a peace

---

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

1. Subsequent citations of articles are references to the articles of the Texas Criminal Procedure Code Annotated (Vernon 1977; Vernon Supp. 1999).

officer or some other person specifically named to take the body of the person accused of an offense. Art. 15.01 (Vernon 1977). When an arrest is made with or without a warrant, the person arrested shall be taken without unnecessary delay before the designated magistrate. Arts. 14.06 & 15.16 (Vernon 1977).

On the Form CR–43 prepared to report appellant's offense, the date of his arrest was shown as 4 April 1995, almost a month after the recorded date of the offense. Investigator Wilson explained that previously it was the custom to note the date of the offense as the date of arrest, but in 1996 or 1997, instructions were received to no longer put any information in the date of arrest column. Asked at what point a person is arrested for the crime, Wilson replied, "Technically, we really don't arrest people." He added, "[W]e don't go through the procedure of bringing them before a magistrate, or any of those things." And, "What we do, is we conduct the investigation," and, "If there is an indictment, we do get the copy of the indictment. We do the arrest warrant."

On 25 April 1996, during the January 1996 term of the 320th District Court for Potter County, the grand jury returned an indictment charging appellant with the offense of aggravated assault of a correctional officer. The terms of the 320th District Court begin on the first Mondays in January and July of each year. Tex. Gov't Code Ann. §§ 24.602, 24.628 (Vernon 1988).[2]

Notice of the indictment was served upon appellant on 23 September 1997. Thereafter, appellant moved for the dismissal of the indictment with prejudice, relying upon article 32.01 (Vernon 1989), which, at the time of the offense and the date of arrest shown on Form CR–43, provided:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless

otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

Act of May 27, 1965, 59th Leg., R.S., ch. 722, 1965 Tex. Gen. Laws 441, *amended by* Act of May 12, 1997, 75th Leg., R.S., ch. 289, § 2, 1997 Tex. Gen. Laws 1304.[3] The trial court overruled the motion. Thereafter, appellant pleaded guilty to the charged offense, and was assessed the agreed punishment of imprisonment for five years, his sentence to begin "when the sentences in cause nos. 633922, 634736, 634735, and 635285 are completed."

Appellant, relying upon the date of arrest shown on Form CR–43 and his continued incarceration, argues that since the indictment was not presented within the statutory time provided after his arrest, and the State offered no good cause for the untimely presentment, he is entitled, by virtue of the operation of the statute, to a dismissal of the indictment with prejudice. However, we do not agree that the protection of the statute was invoked.

The language in which article 32.01 was drafted clearly evinces that it is invoked only if, first, the accused is detained in custody or is held to bail to answer for a criminal accusation. Although Form CR–43 shows a date of arrest for appellant as 4 April 1995, thereby presumptively invoking the operation of the statute when the indictment was not presented until 25 April 1996, it is equally clear that he was not detained in custody to answer for the indicted offense of aggravated assault offense until the indictment was returned, for until that time, he "remain[ed] in custody" by virtue of his prior sentences.

That appellant remained in custody because of prior sentences and not because of the aggravated assault is evinced by the facts

---

2. The cause was transferred to, and tried in, the 181st District Court of Potter County.

3. The statute was amended, effective on 26 May 1997, by deleting the last 17 words after "such defendant," and substituting the words "on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment, or admission to bail, whichever date is later." Art. 32.01 (Vernon Supp. 1999).

that the mechanics of an arrest for the aggravated assault were never activated until after presentment of the indictment. It was evidenced that he was not arrested for the aggravated assault by an official of the Internal Affairs Division, and there is no evidence that he was taken into custody without a warrant by any person who observed the aggravated assault, particularly since he was not taken before a magistrate before the presentment of the indictment. Under these circumstances, we hold, as the trial judge implicitly held, that appellant was not detained in custody to answer the aggravated assault accusation before the return of the indictment so as to invoke the operation of article 32.01, *supra.* Appellant's contention is overruled.

The judgment is affirmed.