**Ex parte Edie Dione MARTIN.**

**No. 03–97–00113–CR.**

Court of Appeals of Texas, Austin.

Aug. 31, 2000.

Discretionary Review Granted Feb. 21, 2001.

Cliff McCormack, San Marcos, for Appellant.

Charles R. Kimbrough, Crim. Dist. Atty., Lockhart, for State.

Before Justices JONES, KIDD and B.A. SMITH.

**ON REMAND**

MACK KIDD, Justice.

The State's motion for rehearing is granted. The opinion and judgment dated July 13, 2000, are withdrawn.

Edie Dione Martin applied for a writ of habeas corpus seeking the dismissal of a forgery prosecution on the ground that she was not timely indicted. The district court issued the writ but denied the relief sought after a hearing. This Court affirmed the district court's order. *See Ex parte Martin,* 956 S.W.2d 843 (Tex.App.—Austin 1997). On Martin's petition for discretionary review, the court of criminal appeals vacated our judgment and remanded the appeal to us for further proceedings. *See Ex parte Martin,* 6 S.W.3d 524 (Tex.Crim. App.1999).

At issue is the application of code of criminal procedure article 32.01, as originally enacted. *See* Texas Code of Crimi-nal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 32.01, 1965 Tex. Gen. Laws 317, 441 (Tex.Code Crim. Proc. Ann. art. 32.01, since amended). That statute provided:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

The court of criminal appeals held that the test for good cause to continue a prosecution should be patterned after that used to determine whether the constitutional speedy trial right has been violated. *See Martin,* 6 S.W.3d at 528; *see also Barker v. Wingo,* 407 U.S. 514, 530–32, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). "The habeas court should consider, among other things, the length of the delay, the State's reason for delay, whether the delay was due to lack of diligence on the part of the State, and whether the delay caused harm to the accused." *Martin,* 6 S.W.3d at 528. "Another relevant inquiry is whether the grand jury has voted not to present an indictment." *Id.* Whether good cause is shown is "a fact-intensive situation [that] calls for a balancing of the interests served by the rule and the interests of the parties." *Id.* at 529. When the facts are undisputed, the habeas court's finding of good cause is subject to review *de novo. See id.* at 526; *see also Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997).[1]

Because neither the parties nor the district court had the benefit of the court of criminal appeals' opinion at the original habeas corpus hearing, we abated the appeal and remanded the cause to the dis-

[1]. In this and other article 32.01 cases, this Court reviewed the trial court's decision for an abuse of discretion. *See Martin,* 956 S.W.2d at 845; *Ex parte Mallares,* 953 S.W.2d 759, 764–65 (Tex.App.—Austin 1997, no pet.). We relied on *DuBose v. State,* 915 S.W.2d 493, 497–98 (Tex.Crim.App.1996), which was overruled in *Guzman. See* 955 S.W.2d at 90.

trict court for rehearing. Following the hearing, the court once again denied relief. The record from the new hearing is now before us, as are the parties' supplemental briefs.

■ In its motion for rehearing, the State urges that Martin's claim is moot because she was indicted before the original hearing on her habeas corpus application. The State points out that article 32.01 does not apply once an indictment is returned. *See Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App.1974); *see also Brooks v. State*, 990 S.W.2d 278, 285 (Tex. Crim.App.1999) (reaffirming *Tatum*); *Ex parte Crowder*, 959 S.W.2d 732, 733 (Tex. App.—Austin 1998, pet. ref'd) (following *Tatum*). In each of the cited cases, however, the defendant attempted to invoke article 32.01 *after* indictment. Martin, on the other hand, filed her habeas corpus application *before* she was indicted, when article 32.01 was fully applicable. Therefore, the subsequent return of an indictment did not defeat Martin's entitlement to relief.

The State also contends we did not properly apply the balancing test mandated by the court of criminal appeals. The State urges that the balance of the evidence weighs in favor of continuing Martin's prosecution. We disagree. We therefore repeat our original discussion.

■ **Length of delay.** Martin was arrested in June 1996, during the June term of the 22nd Judicial District Court. No indictment was returned during that term or the subsequent September term, thereby invoking the statute.[2] Martin filed her writ application in January 1997, and the hearing was held one month later. A six-count forgery indictment was returned against Martin in February 1997, before the writ hearing.

**Reason for delay.** The State filed a good cause affidavit stating that the Luling Police Department experienced a clerical labor shortage during the summer of 1996 as a result of budget constraints, and that the forgery offenses alleged against Martin were part of the resulting paperwork backlog. The police reports regarding these offenses were processed and forwarded to the district attorney in December 1996.

At the new hearing, witnesses elaborated on the statements in the affidavit. Suzanne Hochstein, the police department's sole secretary, resigned in August 1996, although she continued to work on a part-time basis until her replacement was hired in November. She testified that among her other duties, she was responsible for "processing" cases. "I had to take them from the officer's handwritten notes and type them on our official forms and also type up statements, get statements back to the officer to be signed.... I processed any ... statements, officer's reports, arrest reports, offense reports." She testified that a backlog of work had built up prior to her resignation. The former Luling police chief testified, "We were swamped." The former chief and former city manager also testified to the city's inability to promptly hire a replacement for Hochstein.

■ In its opinion, the court of criminal appeals disapproved use of an "exceptional circumstances" test to determine good cause under article 32.01. *See Martin*, 6 S.W.3d at 527. Even under that test, "backlog, staff shortage, or general negligence [did] not constitute an exceptional circumstance." *State v. Condran*, 951 S.W.2d 178, 183 (Tex.App.—Dallas 1997), *pet. dism'd*, 977 S.W.2d 144 (Tex. Crim.App.1998) (quoting *Meshell v. State*, 739 S.W.2d 246, 251 (Tex.Crim.App.1987)). "[U]nreasonable delay in run-of-the-mill criminal cases cannot be justified by simply asserting that the public resources pro-

---

**2.** The terms of the 22nd Judicial District Court in Caldwell County begin on the first Mondays of March, June, September, and December. *See* Tex. Gov't Code Ann. § 24.123(c)(1) (West 1988).

vided by the State's criminal justice system are limited and that each case must await its turn." *Barker*, 407 U.S. at 538, 92 S.Ct. 2182 (White, J., concurring).

**State's diligence.** There is no evidence that the State ignored or overlooked Martin's case. To the contrary, the witnesses testified that the police department attempted to process its cases and refer them to the district attorney as promptly as possible, and that there had been no deliberate effort to delay this or any other case.

■ The State's good faith "is arguably a component of good cause, but good faith is not the equivalent of good cause.... We think that article 32.01 requires that the State show more than good faith." *Martin*, 6 S.W.3d at 527.[3]

**Harm to accused.** Martin presented no evidence of harm resulting from the delay in returning an indictment. On this record, the only harm suffered by Martin was an additional two to three months of uncertainty while waiting for grand jury action.

**Prior grand jury action.** Martin was indicted by the first grand jury to whom her case was presented. She was never no-billed.

■ **Balancing of interests.** We must balance Martin's right to prompt consideration by the grand jury against the State's interest in prosecuting those who violate the criminal laws because under the law applicable in this cause, dismissal pursuant to article 32.01 bars any further prosecution for the discharged offenses. *See* Act of June 1, 1987, 70th Leg., R.S., ch. 383, § 1, 1987 Tex. Gen. Laws 1885 (Tex.Code Crim. Proc. Ann. art. 28.061, since amended).

Martin's case was presented to a grand jury just over two months after the deadline set by article 32.01, and that grand jury returned an indictment. While Martin may have experienced some amount of additional anxiety as a result of the delay in grand jury action, there is no evidence that Martin was otherwise prejudiced. On the other hand, the State's failure to present Martin's case to the grand jury in a timely fashion was primarily the result of understaffing at the police department. The government must bear responsibility for failing to provide adequate resources to law-enforcement agencies. Martin could not be expected to suffer an indefinite delay of her case because the police department was without a secretary. While Martin's case was not deliberately delayed by the police or the prosecutor, an absence of bad faith is not alone sufficient to show good cause. *See Martin*, 6 S.W.3d at 527. Having reviewed the record *de novo*, we conclude that good cause was not shown to continue Martin's prosecution.

The order denying habeas corpus relief is reversed and the indictment is ordered dismissed.

---

**3.** The court of criminal appeals identified this Court as one of the *courts of appeals applying a good faith test for good cause. See Martin*, 6 S.W.3d at 527. It is true that an absence of bad faith on the part of the State was one factor we considered in applying article 32.01. *See Martin*, 956 S.W.2d at 845; *Mallares*, 953 S.W.2d at 763. At least as important to the result reached in our opinions, however, was our use of an abuse of discretion standard of review. *See supra*, n. 1.