### Ex parte Edie Dione MARTIN.

### No. 1641–00.

Court of Criminal Appeals of Texas.

June 13, 2001.

### OPINION

HOLLAND, J., delivered the opinion of the Court in which MEYERS, J., PRICE, J., WOMACK, J., JOHNSON, J., KEASLER, J., HERVEY, J., and HOLCOMB, J., joined.

Appellant was arrested on a charge of forgery. By application for writ of habeas corpus, appellant sought dismissal of that charge on the basis that she was not timely indicted. The trial court denied relief, and the court of appeals affirmed the trial court. *See Ex parte Martin,* 956 S.W.2d

843 (Tex.App.—Austin 1997). We granted appellant's petition for discretionary review, vacated the court of appeals' judgment and remanded the cause to that court. *See Ex parte Martin,* 6 S.W.3d 524 (Tex.Crim.App.1999). On remand, the court of appeals reversed the trial court's denial of habeas relief and ordered the indictment dismissed. *See Ex parte Martin,* 33 S.W.3d 843 (Tex.App.—Austin 2000). This Court granted the State's petition for discretionary review.[1]

After carefully reviewing the briefs of the parties and court of appeals' decision below, we conclude that our decision to grant the State's petition was improvident. Accordingly, we dismiss the State's petition for discretionary review. *See* Tex. R.App. P . 69.3.

KELLER, P.J., dissents without opinion.

1. The State's ground for review states:
   When an application for writ of habeas corpus is filed prior to indictment, but not heard or ruled upon by the trial court until after indictment, is the claim for dismissal of the prosecution, pursuant to Article 32.01 of the Texas Code of Criminal Procedure, moot pursuant to the holding of *Tatum v. State,* 505 S.W.2d 548, 550 (Tex. Crim.App.1974)?