### Ex parte Donald COUNTRYMAN.

### No. PD–1964–05.

Court of Criminal Appeals of Texas.

June 13, 2007.

---

Steven R. Lafuente, Dallas, for appellant.

Christian T. Souza, Asst. Crim. D.A., Kaufman, Matthew Paul, State's Attorney, Austin, for state.

## OPINION

MEYERS, J., delivered the opinion of the Court, in which KELLER, P.J., and PRICE, WOMACK, KEASLER, HERVEY, HOLCOMB, and COCHRAN, JJ., joined.

Appellant was arrested for unlawful possession of a firearm by a felon. Because the State had not obtained an indictment by the next term of court, Appellant filed an application for writ of habeas corpus to have the case dismissed. *See* Tex.Code Crim. Proc. Art. 32.01. After Appellant filed the application, but before the trial court held a hearing, the grand jury returned an indictment. The trial court denied the application and Appellant appealed. The court of appeals reversed the trial court's order denying habeas relief and ordered that the indictment be dismissed. *Ex Parte Countryman*, 180 S.W.3d 418 (Tex.App.-Dallas 2005). We granted the State's petition for discretionary review to determine whether a speedy-indictment claim is moot when it is filed before the indictment, but not heard until after the indictment is returned.

## PROCEDURAL HISTORY

Appellant was arrested on November 29, 2004. Although the grand jury did not return an indictment against him, he remained in custody.[1] The next term of the court expired on July 5, 2005. On July 6, 2005, Appellant filed an application for writ of habeas corpus requesting dismissal of the prosecution under Article 32.01.[2] The trial court set the habeas hearing for July 22, 2005. On July 14, 2005, the grand jury returned an indictment. At the habeas hearing, the State did not present any witnesses or file any affidavits. The State claimed that because an indictment had been returned before the hearing, the habeas claim was moot. The trial court agreed and denied relief.[3] On appeal, the

1. Because Appellant was on parole for another charge of possession of a weapon by a felon when he was arrested, he was ineligible for release on bond.

2. Article 32.01 states that:
When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

3. The trial court quoted *State v. Condran*, 951 S.W.2d 178, 192 (Tex.App.-Dallas 1997), which states that: "Because the State can proceed with its case against an accused and seek an indictment after a dismissal under article 32.01, a defendant must obtain a ruling on his article 32.01 motion before the grand jury returns an indictment or the ques-

court of appeals relied on our decision in *Ex Parte Martin,* 6 S.W.3d 524 (Tex.Crim. App.1999), and determined that Appellant's habeas claim was not moot. The court considered the factors we listed in *Martin* and held that the State did not show good cause for continuing the prosecution. *Countryman,* 180 S.W.3d at 423. The court of appeals concluded that the trial court abused its discretion by denying Appellant habeas corpus relief. *Id.* The State filed a petition for discretionary review asking us to determine whether the court of appeals erred in holding that Appellant's speedy-indictment claim was not moot.

## ARGUMENTS OF THE PARTIES

The State argues that under our holding in *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974), Article 32.01 "has no application once an indictment is returned even though it is returned by a grand jury at a subsequent term of court." The State cites cases, including *Brooks v. State,* 990 S.W.2d 278, 285 (Tex.Crim.App.1999), which held that a habeas claim is forfeited if not filed until after the indictment is returned.[4] The State acknowledges that the habeas claim in this case was filed before the indictment was returned and thus was not forfeited, however, the State argues that the fact that this claim was not forfeited does not mean that it is not moot. The State argues that *Martin* was improperly relied upon by the court of appeals because in *Martin,* the dismissal barred further prosecution for the offense, so the claim was not moot in that case, as it would be in the situation of a dismissal without prejudice. The State additionally points out that, due to Appellant's status as a parolee, he did not have the same "liberty interest" as the appellant in *Martin.*[5] Therefore, the return of the indictment was all that was necessary to remedy the delay.

Appellant disagrees with the State's contention that the issue is moot. He argues that the State's assertion would render Article 32.01 meaningless and would conflict with our holding in *Martin.* Appellant states that Article 32.01 serves to force the State to explain why an accused has remained in custody or on bond while waiting for formal charges to be brought against him. The statute requires the State to show good cause for the delay or deal with dismissal of the prosecution. Appellant says that *Martin* established a totality of the circumstances test to protect the interests of all parties. If the issue is rendered moot as soon as the indictment is returned, then the State would not have to answer for the delay and the accused

tion is moot. Once the grand jury returns an indictment, there is no reason to release the defendant from jail or bond because the State can merely reinitiate proceedings."

4. While the cases cited by the State say that a speedy-indictment claim is *waived* if not filed before the indictment is returned, it is more accurate to say that the claim is *forfeited* by failure to raise the issue until after the indictment. *See Marin v. State,* 851 S.W.2d 275 (Tex.Crim.App.1993). A speedy-indictment is not in the category of rights that must be expressly waived.

5. Texas Government Code section 508.254 governs the detainment of parolees and states

that: (a) A person who is the subject of a warrant may be held in custody pending a determination of all facts surrounding the alleged offense, violation of a rule or condition of release, or dangerous behavior. (b) A warrant authorizes any officer named by the warrant to take custody of the person and detain the person until a parole panel orders the return of the person to the institution from which the person was released. (c) Pending a hearing on a charge of parole violation, ineligible release, or violation of a condition of mandatory supervision, a person returned to custody shall remain confined.

would not know if the State had good cause for the delay or if the delay was due to a lack of diligence by the State. Thus, allowing the courts to consider the factors identified in *Martin* protects the accused from delay, but also preserves the State's interest, because even if the court finds for the accused and dismisses the charges, the State can still seek an indictment and can rearrest the accused after an indictment is returned.

## DISCUSSION

In *Martin*, we reviewed a claim under the former Article 32.01 and determined the factors that courts should consider to determine if good cause was shown by the State. We then remanded the case to the court of appeals to consider those factors. In doing so, we implied that the issue was not moot when a habeas claim was filed before the indictment but the indictment was returned before the hearing to dismiss the case. *Martin*, 6 S.W.3d 524. We adopted a totality of the circumstances test and listed factors, including the length of the delay, the reason for the delay, lack of diligence, prior grand jury action, and harm to the accused, to determine whether the state had good cause for the delay. *Id.* at 528. On remand, the court of appeals held that, balancing the factors we enumerated, the State did not show good cause for the delay. Habeas relief was granted, and the indictment was dismissed. *Ex Parte Martin* 33 S.W.3d 843 (Tex.App.-Austin 2000).

While *Martin* appears to be procedurally similar to the case before us, there are

important differences between the cases. For example, the appellant in *Martin* was out on bail during the delay, whereas Appellant was ineligible for release on bond pending a determination of whether to revoke his parole.[6] More importantly, the dismissal in *Martin* was with prejudice, therefore unless the State showed good cause for the delay, further prosecution was barred. In the case before us, Appellant could be rearrested when the indictment was returned. We pointed out in *Martin* that, in most cases, Article 32.01 will offer only temporary relief to the accused. *See* TEX.CODE CRIM. PROC. Art. 15.14.[7] However, upon dismissal of the charges, the accused in most cases will be out of jail and off bail until an indictment is returned.

The reason we adopted a totality of the circumstances test in *Martin* is because the application of Article 32.01 is a fact-based situation which "calls for a balancing of the interests served by the rule and the interests of the parties." 6 S.W.3d at 529. Although we are considering only whether the claim was moot, and not whether the State showed good cause for the delay, considering the totality of the circumstances and balancing the interests of the parties is equally appropriate in making this determination. We reject the generalization that any claim that is filed before the indictment is returned is not moot, as some courts have implied from our opinion in *Martin*.

The circumstances in this case include: The dismissal would be without prejudice,

---

6. The parole board is required to hold a hearing to determine whether the revocation of parole is based on verified facts, however, the board can revoke parole even if the parolee has not been indicted for the offense alleged as a parole violation.

7. Article 15.14 states that:

If a prosecution of a defendant is dismissed under Article 32.01, the defendant may be rearrested for the same criminal conduct alleged in the dismissed prosecution only upon presentation of indictment or information for the offense and the issuance of a capias subsequent to the indictment or information.

Appellant was not eligible for release on bond, an indictment was returned immediately after the application for writ was filed, and since an indictment had already been returned, Appellant could be rearrested under Article 15.14. Therefore, there is no reason for us to say that the indictment that was returned prior to the habeas hearing should be dismissed and the State should be forced to waste resources and grand jury time by reindicting Appellant.

## CONCLUSION

Based upon the facts of this case, we conclude that the court of appeals improperly relied on *Martin* because the remedy sought by the appellant in that case depended on the determination of whether the State had good cause for the delay, thus the issue was not moot. If the State did not show good cause in that case, then the charge was dismissed and the State could not reindict. Here, it does not matter whether the State shows good cause for the delay because even a determination that the State did not show good cause would not provide a remedy to Appellant. Therefore, the trial court did not err in holding that the claim was moot. The decision of the court of appeals is reversed, and the case is remanded to the trial court for further proceedings.

JOHNSON, J., concurred in the result.