NUMBER 13-06-00143-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


EX PARTE: CHRISTOPHER REVELES 


On appeal from the County Court at Law No. 1

of Cameron County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Benavides and Vela


Memorandum Opinion by Chief Justice Valdez
 

 Appellant, Christopher Reveles, appeals from an order denying habeas corpus
relief. We affirm. 

I. Background

 On August 10, 1999, appellant waived his right to counsel and pleaded guilty to the
offense of misdemeanor driving while intoxicated. The trial court found appellant guilty and
placed him on probation for twelve months. Appellant successfully completed his
community supervision and was discharged on September 6, 2000. On January 6, 2006,
appellant filed his application for writ of habeas corpus, asserting that he did not knowingly
and intelligently waive his right to counsel. The trial court conducted a hearing on
appellant's application, issued an order finding appellant's waiver to be valid, and denied
appellant habeas corpus relief. Appellant now appeals from that order. 


II. Jurisdiction


 Before addressing the merits of appellant's issues, we first determine whether we
have jurisdiction over this appeal. As a general rule, no appeal lies from the refusal to
issue a writ of habeas corpus. Ex parte Gonzales, 12 S.W.3d 913, 914 (Tex. App.-Austin
2000, pet. ref'd). However, if the trial court undertakes to rule upon the merits of the
application, even if the court does not actually issue the writ of habeas corpus, an appeal
from the denial of the requested relief on the merits of the applicant's claim is appropriate. 
Ex parte Hargett, 819 S.W.2d 866, 868-69 (Tex. Crim. App. 1991). In this case, the record
reflects the trial court denied appellant relief on the merits of his claims. Therefore, we
conclude we have jurisdiction over the appeal. (1)

III. Burden of Proof and Standard of Review 

 The burden of proof in a habeas corpus hearing is on the applicant. Ex parte Garza,
192 S.W.3d 658, 661 (Tex. App.-Corpus Christi 2006, no pet.); Barras v. State, 902
S.W.2d 178, 181 (Tex. App.-El Paso 1995, pet. ref'd). In reviewing the denial of habeas
relief, we view the evidence in light most favorable to the trial court's ruling. Ex parte
Peterson, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam); Ex parte Countryman,
180 S.W.3d 418, 418 (Tex. App.-Dallas 2005, no pet.). Absent a clear abuse of discretion,
we must affirm that court's ruling. Parrish v. State, 38 S.W.3d 831, 834 (Tex.
App.-Houston [14th Dist.] 2001, pet. ref'd). 

IV. Waiver of Right to Counsel 

 In his sole issue on appeal, appellant contends that the trial court erred in accepting
appellant's guilty plea absent a knowing and intelligent waiver of his constitutional right to
counsel. The record shows that appellant waived his right to counsel and did not contest
his guilt of the misdemeanor offense. Because appellant pleaded guilty and did not contest
his guilt, the trial court was only required to determine whether appellant's waiver of the
right to counsel was knowing, intelligent, and voluntary; it was not required to admonish
him of the dangers and disadvantages of self-representation. Hatten v. State, 71 S.W.3d
332, 334 (Tex. Crim. App. 2002); Johnson v. State, 614 S.W.2d 116, 119-20 (Tex. Crim.
App. 1981). Moreover, if a defendant in a misdemeanor case where guilt is not contested
signs a written waiver of counsel in court and there is no contradicting evidence or any
evidence that the defendant was coerced or intimidated, the record is sufficient to support
a finding that the defendant's waiver of counsel was valid. Hatten v. State, 89 S.W.3d 160,
163 (Tex. App.-Texarkana 2002, no pet.) (op. on remand). 

 Although there is no reporter's record from the plea proceedings, the clerk's record
contains a written waiver of rights signed by appellant, the prosecutor, and the presiding
judge. According to the written waiver, appellant was duly admonished of his right to be
represented by legal counsel and his right to have legal counsel appointed if he could not
afford to employ counsel. The written waiver also states that the trial court found appellant
competent and that the plea was entered only after the defendant knowingly, intelligently,
and voluntarily waived the right to counsel. 

 Furthermore, the judgment reflects that appellant appeared in court, waived his right
to counsel in open court, and then proceeded to plead guilty. There is nothing in the
record that indicates appellant was coerced or intimidated or that his waiver of the right to
counsel was not made knowingly or intelligently. Consequently, we cannot find that the
trial court erred in accepting appellant's guilty plea. Appellant's issue on appeal is
overruled. 

V. Conclusion 

 Accordingly, we affirm the trial court's denial of appellant's application for writ of
habeas corpus.


 

 ROGELIO VALDEZ

 Chief Justice

Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed 

this the 16th day of August, 2007.
1. A defendant convicted of a misdemeanor offense may attack the validity of the conviction by way
of habeas corpus if he is either (1) confined or restrained as a result of a misdemeanor charge or conviction;
or (2) is no longer confined, but is subject to collateral legal consequences resulting from the conviction. See
Tex. Const. art. V, § 8; Tex. Code Crim. Proc. Ann. art. 11.09 (Vernon 2005); Ex parte McCullough, 966
S.W.2d 529, 531-32 (Tex. Crim. App. 1998); Ex parte Crosley, 548 S.W.2d 409, 409-10 (Tex. Crim. App.
1977). The Texas Court of Criminal Appeals has held that "if a misdemeanor judgment is void, and its
existence may have detrimental collateral consequences in some future proceeding, it may be collaterally
attacked, whether or not a term of probation was successfully served out." Tatum v. State, 846 S.W.2d 324,
327 (Tex. Crim. App. 1993) (per curiam). Thus, the fact that appellant completed his term of probation does
not preclude this court from hearing his appeal.