**Jeffery Paul SCHROEDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–09–00301–CR.**

Court of Appeals of Texas,
Beaumont.

Submitted March 3, 2010.

Decided March 10, 2010.

Discretionary Review Refused
June 9, 2010.

Peter F. Doyle, Jr., Port Arthur, for appellant.

Tom Maness, Crim. Dist. Atty., Wayln G. Thompson, Asst. Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Jeffery Paul Schroeder[1] appeals the trial court's judgment; he claims that his indictment was defective because it was not presented on or before the 180th day after his date of commitment. TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon 2006). Schroeder asserts "that error was committed by the Trial Court when [it] denied the 'Defendant's Motion to Dismiss the Indictment.'" Because we find the trial court did not err in denying the motion, we affirm the trial court's judgment.

## Background

Jeffery Paul Schroeder was arrested on June 9, 2008, for the offense of intoxication manslaughter, a second-degree felony. TEX. PEN.CODE ANN. § 49.08 (Vernon Supp. 2009). After his arrest, Schroeder was transported to The Medical Center of Southeast Texas. On June 10, 2008, Schroeder was discharged from the hospital and taken into custody.

A Jefferson County grand jury indicted Schroeder for intoxication manslaughter on January 29, 2009, a period of more than 200 days after he had been taken into custody. Approximately one week later, on February 6, 2009, Schroeder filed a motion to dismiss the indictment. Schroeder's motion asserted that he was entitled to a dismissal of the indictment under article 32.01 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN.

§ 32.01. Schroeder's motion argued that the "number of days before the date of the indictment and the date of the offense, exceeds 180 days...." On May 28, 2009, Schroeder pled guilty to the indictment. Schroeder remained incarcerated at all times relevant to this appeal, including more than 350 days before the date that the trial court rendered judgment on May 28, 2009.

Pursuant to a plea bargain, Schroeder pled guilty to intoxication manslaughter. The trial court sentenced him to twenty years in prison. The Court gave Schroeder permission to appeal, and Schroeder timely filed his Notice of Appeal.

## Applicable Law and Analysis

In his single point of error, Schroeder contends the trial court erred in denying his Motion to Dismiss the Indictment. Schroeder's argument relies on article 32.01 which provides as follows:

When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

TEX.CODE CRIM. PROC. ANN. art. 32.01. "By operation article 32.01 prevents citizens from being left in jail or on bail for long periods of time without being indicted." *Ex parte Martin,* 6 S.W.3d 524, 529 (Tex.

---

1. The record reflects that Jeffery Paul Schroeder is also known as Jeffery P. Schroeder, Jeffrey P. Schroeder, and Jeffrey Paul Schroeder.

Crim.App.1999). The statute gives a person held in custody without indictment a means to obtain his release, because the statute requires the State to "indict within the period set by article 32.01, show good cause for the delay, or suffer the dismissal of the charges." *Id.*

When analyzing a decision that is based on the trial court's interpretation of a statute, we first construe the statute according to its plain language. *Tapps v. State,* 294 S.W.3d 175, 177 (Tex.Crim.App. 2009); *Williams v. State,* 253 S.W.3d 673, 677 (Tex.Crim.App.2008). "Statutory construction is a question of law; thus, this Court conducts a *de novo* review." *Tapps,* 294 S.W.3d at 177. " 'Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.' " *Id.* (quoting *Coit v. State,* 808 S.W.2d 473, 475 (Tex.Crim.App.1991)).

Importantly, article 32.01 does not create a substantive right that frees a person from prosecution for the commission of an offense. *See Ex parte Seidel,* 39 S.W.3d 221, 224 (Tex.Crim.App.2001). Instead, article 32.01 creates a procedural right to be dismissed from custody under certain circumstances until the grand jury has been presented with an indictment. After the presentment to the grand jury of an indictment on the offense at issue, article 32.01 is no longer applicable. *Brooks v. State,* 990 S.W.2d 278, 285 (Tex.Crim.App. 1999). In most cases, "the defendant may be rearrested for the same criminal conduct alleged in the dismissed prosecution...." TEX.CODE CRIM. PROC. ANN. art. 15.14 (Vernon 2005).

In this case, Schroeder did not obtain a ruling on his motion to dismiss before the grand jury returned its indictment. Therefore, when the trial court ruled on Schroeder's motion, and because the grand jury had at that point returned an indictment, the trial court was no longer required to release Schroeder from custody. *See Ex parte Countryman,* 226 S.W.3d 435, 436–39 (Tex.Crim.App.2007) (in a habeas proceeding, holding that a "speedy-indictment claim" was moot when the indictment had been returned before the trial court heard the motion to dismiss the indictment). Because Schroeder had already been indicted by the grand jury when the trial court denied his motion to dismiss the indictment, a dismissal of his indictment was no longer required. *Id.*

Usually, article 32.01 is utilized in writ of habeas corpus proceedings to secure a defendant's release from custody. *See generally Brooks,* 990 S.W.2d at 285 (holding that "appellant waived his right to challenge the indictment since he filed his writ of habeas corpus almost a year and a half after the indictment was returned by the grand jury"). In *Brooks,* the Texas Court of Criminal Appeals noted that "[w]e have held that Article 32.01 has no application once an indictment is returned." *Id.* (citing *Tatum v. State,* 505 S.W.2d 548, 550 (Tex.Crim.App.1974)). Although the matter before us arises in an appeal rather than by a habeas corpus petition, article 32.01, in our opinion, applies in a way that is consistent with its application in habeas cases.

Under the circumstances of this case, we hold the trial court did not abuse its discretion in denying the defendant's motion to dismiss the indictment. At the point the trial court ruled on Schroeder's motion, article 32.01 was no longer mandatory. Accordingly, we overrule issue one and affirm the trial court's judgment.

AFFIRMED.