# NO. 12-19-00357-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| *EX PARTE:* | *§* | *APPEAL FROM THE 217TH* |
|  | *§* | *JUDICIAL DISTRICT COURT* |
| *MICHAEL WAYNE TURNER, JR.* | *§* | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Michael Wayne Turner appeals from a trial court order denying him relief on his application for writ of habeas corpus seeking dismissal of his case. We affirm.

## BACKGROUND

Appellant was arrested on March 31, 2019, for driving while intoxicated (DWI), third or more. A complaint was filed with the justice court. On June 28, Appellant filed an application for writ of habeas corpus with the district court, in which he alleged that he had been detained for ninety days without the State announcing ready for trial. On July 2, the district court held a hearing, granted the application, and entered a personal recognizance bond in the amount of $5,000. However, Appellant is being held on a state parole hold and has been unable to secure his release from detention.

On October 9, Appellant filed a second application for writ of habeas corpus seeking dismissal of the charge. Appellant alleged that 180 days elapsed since his arrest and the State neither secured an indictment nor announced ready for trial. In response, the State argued that Appellant filed a motion to dismiss the complaint in the justice court, therefore, the district court lacked jurisdiction to dismiss it. The State further argued that good cause existed for the delay because testing of Appellant's blood sample had not been completed at the lab. The district court held a hearing on October 19 and denied the application. In doing so, the court held that it lacked jurisdiction to dismiss the complaint filed against Appellant in the justice court. Therefore, it urged

Appellant to seek dismissal of his case in that court. The district court also found that good cause existed for the delay in indicting Appellant. This proceeding followed.

<u>**ARTICLE 32.01 VIOLATION**</u>

In his sole issue, Appellant contends the district court erred in denying his application for writ of habeas corpus. Specifically, Appellant urges that he has been held for more than 180 days without an indictment and must be released from jail.

## District Court Jurisdiction

We begin with the State's argument that the district court lacked jurisdiction over Appellant's application for writ of habeas corpus. The power to issue writs of habeas corpus lies with the court of criminal appeals, the district courts, and the county courts. TEX. CODE CRIM. PROC. ANN. art. 11.05 (West 2005). The statute does not give this writ authority to the justice courts. Because *any* judge of a district court has power to issue a writ of habeas corpus, the district court was the proper venue in which to file an application for writ of habeas corpus. *See id.*; *see also **Ex parte Chavfull***, 945 S.W.2d 183, 185 (Tex. App.—San Antonio 1997, no pet.) (if district court has habeas jurisdiction when indictment is pending in another court, it follows that district court has habeas jurisdiction when complaint is pending in another court); ***Ex parte Williams***, 786 S.W.2d 781, 782 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (holding district court had jurisdiction to issue writ of habeas corpus and grant relief even if indictment filed in county court).

## Standard of Review

In general, a trial court's ruling in a habeas proceeding should not be overturned unless there is a clear abuse of discretion by the court. ***Ex parte Ayers***, 921 S.W.2d 438, 440 (Tex. App.—Houston [1st Dist.] 1996, no pet.). We must evaluate whether the court abused its discretion by determining whether the court acted without reference to any guiding rules or principles. ***Montgomery v. State***, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990). However, "an abuse of discretion review of trial court decisions is not necessarily appropriate in the context of application of law to facts when the decision does not turn on the credibility or demeanor of witnesses." ***Ex parte Martin***, 6 S.W.3d 524, 526 (Tex. Crim. App. 1999); *see also **Guzman v. State***, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). Instead, an appellate court must conduct a de novo review when "the trial judge is not in an appreciably better position than the reviewing court to make that

determination." **Guzman**, 955 S.W.2d at 87; **Ex Parte Mann**, 34 S.W.3d 716, 718 (Tex. App.—Fort Worth 2000, no pet.).

**Applicable Law**

Article 32.01 authorizes the release of a defendant on or before the last day of the next term of court after the 180th day of confinement, when no indictment or information is filed. TEX. CODE CRIM. PROC. ANN. art. 32.01 (West Supp. 2019). "By enacting Article 32.01, the legislature created a right in the accused to be free from the 'incidental punitive effect' of incarceration or being held to bail if the State is unable to obtain an indictment within a specified period of time." **State v. Condran**, 951 S.W.2d 178, 189 (Tex. App.—Dallas 1997), *pet. dism'd*, 977 S.W.2d 144 (Tex. Crim. App. 1998). Importantly, Article 32.01 does not create a substantive right that frees a person from prosecution for the commission of an offense. *See* **Ex parte Seidel**, 39 S.W.3d 221, 224 (Tex. Crim. App. 2001). Instead, Article 32.01 creates a procedural right to be dismissed from custody under certain circumstances until the grand jury has been presented with an indictment. **Schroeder v. State**, 307 S.W.3d 578, 580 (Tex. App.—Beaumont 2010, pet. ref'd). After the presentment to the grand jury of an indictment on the offense at issue, Article 32.01 is no longer applicable. **Brooks v. State**, 990 S.W.2d 278, 285 (Tex. Crim. App. 1999). In most cases, "the defendant may be rearrested for the same criminal conduct alleged in the dismissed prosecution...." TEX. CODE CRIM. PROC. ANN. art. 15.14 (West 2005).

In determining whether "good cause" was shown, the habeas court should consider, among other things, the following factors: the length of the delay, the State's reason for the delay, whether the delay was due to lack of diligence on the part of the State, and whether the delay caused harm to the accused. **Martin**, 6 S.W.3d at 528.[1]

**Analysis**

In this case, both parties agree that Appellant has not been indicted within the 180-day requirement. But Appellant contests whether the State's reason for the delay rises to the level of "good cause." To address this contention, we employ the **Martin** factors.

Regarding the length of delay, Appellant was arrested on March 31, 2019. Thus, to comply with Article 32.01, the State needed to obtain an indictment by September 27, 2019. Appellant

---

[1] The **Martin** factors are patterned after the analysis conducted in speedy trial cases. *See* **Ex parte Martin**, 6 S.W.3d 524, 528-29 (Tex. Crim. App. 1999) (citing **Barker v. Wingo**, 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101 (1972)).

filed his application for writ of habeas corpus on October 9, and the trial court held a hearing on October 18, a mere three weeks after the deadline. This delay is meager when compared to other cases in which appellate courts have held a defendant's right to a speedy trial was not violated. *See, e.g., Fisher v. State*, 198 S.W.3d 332, 338 (Tex. App.—Texarkana 2006, pet. ref'd) (ten months); *see also Dragoo v. State,* 96 S.W.3d 308, 316 (Tex. Crim. App. 2003) (three and one-half years); *State v. Munoz,* 991 S.W.2d 818, 829-30 (Tex. Crim. App. 1999) (seventeen months); *Shaw v. State,* 117 S.W.3d 883, 891 (Tex. Crim. App. 2003) (thirty-eight months); *Kelly v. State*, 163 S.W.3d 722, 729-30 (Tex. Crim. App. 2005) (seventeen months). Accordingly, the nearly seven-month delay in this case is not such a long time that the first factor should be accorded more than a slight weight against the State.

The State also provided a reason for the delay in securing an indictment. Appellant was arrested and charged with DWI. Under Section 49.01 of the Texas Penal Code, intoxication can be proven in two ways: (1) an alcohol concentration of 0.08 or more or (2) loss of normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, or any other substance into the body. TEX. PENAL CODE ANN. § 49.01(2) (West 2011). The initial laboratory report showed no alcohol in Appellant's blood, and the report states that the sample was being forwarded to another laboratory for the requested drug analysis. The State is awaiting the test results from this second laboratory.

The State argues that if the second report is negative, the case will be dismissed. And if the report is positive, the State will need to evaluate the results to determine the exact nature of an indictable offense. There is no evidence that any delay of the results is due to a backlog at the laboratory or the State's failure to submit the blood for analysis. *See Fisher*, 198 S.W.3d at 338-39 (attributing delay to State's failure to submit drugs for analysis and noting that State cannot rely on backlog for delay in indicting defendant). Rather, the blood sample was submitted for analysis on April 4, only a few days after Appellant's arrest, and the initial report was issued May 31. Although testing of the sample for substances other than alcohol has not yet been completed, the record does not demonstrate that the delay is due to any lack of diligence by the State, as opposed to conducting a thorough investigation before dismissing or indicting. *See State v. Williams*, 90 S.W.3d 913, 919-20 (Tex. App.—Corpus Christi 2002, no pet.) (preindictment delay was due to justified circumstances, i.e., a thorough investigation). And the record is devoid of evidence

suggesting a deliberate attempt by the State to delay the return of an indictment. As a result, the second and third factors weigh in favor of the State.

As to the fourth factor, we consider three interests: (1) prevention of oppressive pretrial incarceration; (2) minimization of anxiety and concern of the accused; and (3) limitation of the possibility that the defense will be impaired. *Barker v. Wingo*, 407 U.S. 514, 532, 92 S. Ct. 2182, 2193, 33 L. Ed. 2d 101 (1972). Appellant claims that he has been harmed by the lack of an indictment because he is still incarcerated. Specifically, he complains that the State's "election to request further test[ing] [of] his blood prejudice[s] him because he is still incarcerated and under the existing complaint for DWI pending in the justice court." However, Appellant concedes that he was previously granted a personal recognizance bond and that he remains incarcerated due to a parole hold.[2] Therefore, we cannot conclude that Appellant has been subjected to the type of oppressive pretrial incarceration and excessive anxiety and concern that results in harm. *See Thomas v. State*, No. 11-99-00030-CR, 2000 WL 34233040, at *2 (Tex. App.—Eastland Jan. 13, 2000, no pet.) (op., not designated for publication) (appellant on parole hold not subject to oppressive pretrial incarceration and excessive anxiety and concern). Nor did Appellant present any evidence demonstrating harm as a result of the delay in returning an indictment, such as a showing that his ability to mount a defense has been compromised. *See Cantu v. State*, 253 S.W.3d 273, 280 (Tex. Crim. App. 2008) (defendant bears burden of showing prejudice). This factor weighs slightly in favor of the State.

Balancing the four factors set out in *Martin*, we hold that the length of the delay weighs only minimally against the State, the State established good cause for the delay, and Appellant has not shown harm resulting from the delay, particularly given that he was granted a personal recognizance bond and is incarcerated on a parole hold. Thus, Appellant failed to demonstrate that the district court erred in denying his application for writ of habeas corpus. His sole issue is overruled.

---

[2] A parole revocation warrant, also known as a "blue warrant" or a "parole hold," is an arrest warrant issued by the Texas Board of Pardons and Paroles when a parolee is suspected of violating the conditions of his parole. *See Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 482 (Tex. Crim. App. 1995); *see also Heard v. State*, 280 S.W.3d 419, 421 n. 1 (Tex. App.—Fort Worth 2009, pet. ref'd); *see Reeders v. State*, No. 03-04-00022-CR, 2005 WL 2240968, at *1 n.1 (Tex. App.—Austin Sept. 14, 2005, pet. ref'd) (mem. op., not designated for publication). An action to seek habeas relief from a parole hold is solely within the jurisdiction and authority of the Texas Court of Criminal Appeals. *Ex parte Abdullah*, No. 06-11-00043-CR, 2011 WL 2226153, at *1 (Tex. App.—Texarkana June 7, 2011, pet. ref'd) (mem. op., not designated for publication) (citing TEX. CODE CRIM. PROC. ANN. art. 11.07, *Keene*, 910 S.W.2d at 483).

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**GREG NEELEY**
Justice

Opinion delivered January 31, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 31, 2020**

**NO. 12-19-00357-CR**

**EX PARTE: MICHAEL WAYNE TURNER, JR.**

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2019-0671)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*