In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00268-CR
_____

IN RE DONALD FOSTER

_____

Original Proceeding
411th District Court of Polk County, Texas
Trial Cause No. 28,338
_____

MEMORANDUM OPINION

Donald Foster, pro se, filed a petition for a writ of mandamus (the Petition) in which he seeks to compel the trial court to hold a hearing on his Application for Writ of Habeas Corpus and Dismissal of Prosecution with Prejudice (the Application). Foster filed the Application in the trial court pro se on February 18, 2021.

On appeal, the Petition that Foster filed does not include an appendix that contains every document relevant to the matters about which Foster complains.[1] But

---

[1]*See* Tex. R. App. P. 52.3(k)(1)(A). Foster also failed to identify and serve a copy of his mandamus petition on the Real Party in Interest. *See id*. 9.5. We use Rule

1

even were we to assume for the sake of argument that the statements in Foster's Petition are true and are capable of being supported by documents on file in Trial Court Cause Number 28,338, as Foster claims, the allegations in the Petition show that Foster is not entitled to relief on the complaints he raises because the claims when taken at face value as being true would be moot.

*Ex parte Countryman* explains why.[2] In *Countryman*, the Court of Criminal Appeals distinguished *Ex parte Martin*, a habeas corpus proceeding the Court of Criminal Appeals decided based on the statutes that were in effect before the Legislature amended the Code of Criminal Procedure in 1997.[3] The *Martin* Court noted that Martin had been out on bail and that her case had been dismissed with prejudice, so that her further prosecution would be barred unless the State showed good cause existed to justify her untimely indictment.[4] Distinguishing *Ex parte Martin*, the Court of Criminal Appeals explained in *Ex parte Countryman* that Countryman's circumstances were different in that even were he to prevail on his petition for habeas relief he would achieve at most only temporary relief.[5] The

---

2, however, to look beyond these deficiencies to reach an expeditious result. *See id.* 2.

[2]*See Ex parte Countryman*, 226 S.W.3d 435, 438 (Tex. Crim. App. 2007).
[3]*See Ex parte Martin*, 6 S.W.3d 524 (Tex. Crim. App. 1999), *on remand* 33 S.W.3d 848 (Tex. App.—Austin 2000), *pet. dism'd, improvidently granted*, 48 S.W.3d 932 (Tex. Crim. App. 2001). Foster relies upon *Martin* to support his argument that he is entitled to have the indictment dismissed with prejudice.
[4]*Countryman*, 226 S.W.3d at 438.
[5]*Id.*

*Countryman* Court explained that since Countryman had been indicted, Countryman would be entitled to no more than a dismissal without prejudice and that since he was a parolee, he was not eligible for release on bond.[6] Consequently, the Court of Criminal Appeals concluded that because an indictment had been returned after Foster filed his Application and because he "could be rearrested" based on his status as a parolee, "there is no reason for us to say that the indictment that was returned prior to the habeas hearing should be dismissed and the State should be forced to waste resources and grand jury time by reindicting [Countryman]."[7] For those reasons, the *Countryman* Court concluded that even though Countryman had not forfeited the claim he raised in his application for habeas relief, the speedy-indictment claim that he had raised was moot.[8]

Currently, Foster is incarcerated in the Texas Department of Criminal Justice for offenses that are unrelated to the offense with which he is charged and on which his Petition before us arose. We note that Foster's Petition arose from his arrest and indictment for allegedly assaulting a public servant, an offense that occurred when Foster was incarcerated in the Polunsky Unit and was being held there based on his conviction for another offense. In his petition, Foster says he was indicted for

---

[6]*Id.* at 438-39.
[7]*Id.* at 439.
[8]*Id.*

3

assaulting a public servant shortly after he filed the Application, and the complaint in his Petition is that the trial court has not held a hearing on his Application.

To sum it up by Foster's telling, he was indicted after filing the Application, he has not completed serving his sentence, and on its face the allegation in his Petition shows that he is not entitled to be released on bail. Thus, if the indictment were to be dismissed, Foster—as in *Countryman*—could be reindicted. Presuming Foster's Application presented a claim based upon *Ex parte Martin*, that he presented the Application to the trial court, and that when presented the State Counsel for Offenders was not representing Foster and he had the right to file and represent himself pro se, the proper action for the trial court to have taken would have been to take no action on the Application. That's because after assuming the allegations in Foster's Petition are true, we have concluded the trial court could have reasonably concluded that Foster's Application presented moot claims.[9]

To be entitled to mandamus relief in a criminal case, a relator must show that he has no adequate remedy at law to redress the alleged harm, and that the application for relief seeks to compel the trial court's ministerial act, one that does not involve a discretionary or judicial decision.[10] Since by Foster's account an

---

[9]*Id.*

[10]*In re State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

indictment has been returned, we will not compel the trial court to rule on an Application raising a speedy-indictment complaint when the complaint is moot.[11]

Because Foster failed to demonstrate that he is entitled to mandamus relief, his petition for a writ of mandamus is denied.[12]

PETITION DENIED.

PER CURIAM

Submitted on August 29, 2023
Opinion Delivered August 30, 2023
Do Not Publish

Before Golemon, C.J., Horton and Wright, JJ.

---

[11]*See id.*
[12]*See* Tex. R. App. P. 52.8(a).